W. D. PEAL, ADMINISTRATOR OF THE ESTATE OF MRS. L. C. SPRUILL, DECEASED, v. MRS. ESTELLE MARTIN, ADMINISTRATRIX OF VAN B. MARTIN, DECEASED.

(Filed 10 October, 1934.)

1. **Judicial Sales A a—Commissioner appointed to conduct judicial sale is not attorney for either party litigant.**

    A commissioner appointed by the court to sell lands and distribute the proceeds in accordance with the order of the court is in a certain sense an officer of the court to perform the specific acts specified in the order, and he is not an attorney for either party to the suit, and the relationship of attorney and client existing between him and one of the parties prior to his appointment is terminated by the appointment since he must then act in accordance with the orders of the court, and can no longer act in accordance with private contract.

2. **Limitations of Actions B a—**

    A cause of action accrues and the statute of limitations begins to run whenever a party becomes liable to an action, if at such time the demanding party is under no disability.

3. **Judicial Sales A e: Limitation of Actions B b—Cause of action accrues to distributees upon commissioner's failure to distribute funds in' accordance with order of court.**

    Where a commissioner appointed in a civil action is ordered to sell land and distribute the proceeds as specifically directed, and after sale by the commissioner an order is entered directing him to forthwith execute a deed to the highest bidder at the sale upon the payment of the purchase price, and to distribute the funds as specified, a cause of action accrues in favor of the persons entitled to receive the funds against the commissioner for money had and received, and the commissioner not being in

a fiduciary relationship with such persons, and they being under no disability, their right of action against the commissioner is barred after the lapse of three years, and plaintiff's contention that upon the commissioner's failure to file a report and final account with the clerk the cause of action did not accrue until demand upon the commissioner or his administrator is untenable, since the order did not direct the commissioner to file such report, and if the statutes, C. S., 765, 3243, applied, the law made demand for the disbursement of the funds, and plaintiff had notice of such failure upon the expiration of the ten days therein prescribed for the filing of a report, or the sixty days therein prescribed for the filing of the account.

CIVIL ACTION, before *Small, J.,* at April Term, 1934, of WASHINGTON.

Prior to April, 1923, a suit was pending in Washington County entitled "Dr. W. H. Hardison and W. D. Peal, Administrators of Mrs. L. C. Spruill, Deceased, *v.* C. W. Overton, Sarah E. Overton, T. N. Gray and H. G. Walker, Trustee." At the April Term, 1923, certain issues were submitted and answered by the jury and a final judgment entered. This judgment decreed that Dr. W. H. Hardison recover of the defendants the sum of $1,024, "and that W. D. Peal, administrator *c. t. a.* of Mrs. L. C. Spruill, recover of the defendants . . . the sum of $3,250, and that Van B. Martin be and he is hereby appointed commissioner of the court to sell the property described in the mortgage, . . . and apply the proceeds of sale on the deed of trust to Dr. W. H. Hardison and the remainder, if there be any, to the mortgage and interest of Mrs. L. C. Spruill." Thereafter, at the October Term, 1923, an order was entered allowing the defendants to answer, and the cause came on for hearing at the October Term, 1924, before Devin, J., who entered the judgment containing the following provision: "It further appearing to the court and the court finding the facts to be that the property described in the instrument aforesaid has, by orders heretofore entered in this action, been sold and bid in by W. T. Phelps at the sum of $4,450, and all parties to this action having ratified the said sale in open court, it is ordered by the court that Van B. Martin, as commissioner of the court, proceed forthwith to execute deed of conveyance for the said property to the said W. T. Phelps at the price aforesaid upon payment of the purchase money and out of the said money to pay first the amount herein adjudged to be due Dr. W. H. Hardison and to pay the remainder of the said amount over to the said Peal, administrator, to be applied upon the said purchase money indebtedness herein adjudged to be due him as administrator." It was further provided that in the event Phelps did not pay the purchase money that the commissioner proceed to readvertise and resell the property "and make report of his proceedings to the clerk of this court," etc.

The evidence disclosed that Martin, commissioner, had duly sold the land on 28 May, 1923, pursuant to the judgment entered at the April

Term, 1923, and collected the entire purchase price, amounting to $4,480, and deed for the premises had been duly delivered to the purchaser. The deed by Martin, commissioner, to Phelps, made pursuant to the judgment, recited a report of the sale and confirmation thereof. However, the clerk of the Superior Court testified that there was no record in his office of any report made by the commissioner or of any final account. Van B. Martin, commissioner, died on 25 June, 1930, and the plaintiff filed a claim with his administratrix for the sum of $2,339.76, being the balance claimed by the plaintiff upon the purchase price of the land. The administratrix denied liability upon the claim, and thereupon, on 7 June, 1932, this action was instituted by the plaintiff to recover said sum from the estate of the deceased commissioner. The plaintiff, as a witness in his own behalf, undertook to testify that Van B. Martin, deceased, was his attorney, and that he actually saw the commissioner receive the money from Phelps, the purchaser, and that he had made demand upon Martin to pay from time to time.

At the conclusion of the evidence the trial judge sustained a motion of nonsuit, and the plaintiff appealed.

*W. L. Whitley for plaintiff.*
*Zeb Vance Norman for defendant.*

BROGDEN, J. A commissioner is appointed in a civil action tried in the Superior Court to sell land and to pay a specified portion of the proceeds to the plaintiff in this action. The land is duly sold in May, 1923, and the commissioner received the money. The commissioner died on 25 June, 1930, and thereafter, in June, 1932, the plaintiff institutes this action against the administratrix of the commissioner to recover said sum of money, alleging that the commissioner had not paid the money as directed in the judgment, and that no report and account had been filed prior to the death of the commissioner. Upon such showing the trial judge nonsuited the case.

The foregoing facts present two questions of law, to wit:

1. What is the legal relationship between a commissioner appointed by a court of equity to sell land and the parties to the suit?

2. Is the cause of action alleged by the plaintiff barred by the three-year statute of limitations?

A commissioner appointed by a court of equity to sell land is empowered to do one specific act, viz., to sell the land and distribute the proceeds to the parties entitled thereto. He has no authority and can exercise no powers except such as may be necessary to execute the decree of the court. Immediately upon his appointment he ceases to be an attorney or agent for either party, but becomes in a certain sense an officer of the court for the specific purposes designated in the judgment.

The plaintiff asserts that Martin, deceased commissioner, was his attorney when the original suit was instituted, and that although he was appointed commissioner of the court to sell the land, this did not terminate the fiduciary relationship. This contention, however, cannot be maintained for the obvious reason that a commissioner must act in accordance with the orders of the court and not in accordance with the contract between the parties. The relationship of a commissioner to the parties was first considered by this Court in *Smith v. Moore,* 79 N. C., 82. The third headnote of that case is as follows: "It seems that there is no means known to our practice of holding a commissioner appointed to make a judicial sale pecuniarily responsible for the money collected by him, except by an action instituted by the parties entitled to such money." The language of the decision upon which this headnote is based is: "He might be discharged from his office at any time by the court, without affecting the rights or the status of the parties in court. It is true he is liable to an attachment for disobedience or failure to do his duty, but this is a remedy *in personam* merely. The court has no power to award judgment and execution against his property," etc. The *Smith case, supra,* was cited with approval in *Gilbert v. James,* 86 N. C., 244, which holds that a party entitled to money in the hands of a commissioner can maintain a suit for the recovery thereof. Consequently, it is manifest that a commissioner is not a trustee within the general meaning of that term.

The answer to the second question of law must be determined with reference to the time when the cause of action accrued. The plaintiff insists that as the evidence tended to show that the commissioner made no report and filed no account with the clerk that the cause of action did not accrue until demand made after the death of the commissioner, upon his administratrix. It is to be observed that the judgment at the April Term, 1923, appointing the commissioner did not require him to file either a report or an account with the clerk. It directed him specifically upon collection of the purchase money to pay the amount due to Dr. Hardison and "the remainder of said amount . . . to the said Peal, administrator, to be applied upon said purchase-money indebtedness herein adjudged to be due him as administrator." C. S., 765, requires a commissioner in certain instances to file within sixty days "a final account of his receipts and disbursements on account of the sale," etc. C. S., 3243, requires a commissioner in partition proceedings to file a report within ten days after the sale," etc. Even if it be conceded that C. S., 765, or C. S., 3243, is applicable to the facts of this case, the plaintiff knew at the end of either ten or sixty days that the money had not been paid. If these statutes were applicable, the law made the demand upon the failure to act and disburse the proceeds of the sale.

All the authorities agree that the cause of action accrues and the statute of limitations begins to run whenever a party becomes liable to an action, if at such time the demanding party is under no disability. *Eller v. Church,* 121 N. C., 270; *Brown v. Wilson,* 174 N. C., 668, 94 S. E., 619; *Washington v. Bonner,* 203 N. C., 250, 165 S. E., 683.

The original judgment at the April Term, 1923, directed the commissioner to pay the money to the plaintiff. Thereupon the plaintiff was entitled to receive the same. The commissioner, as the plaintiff contends, failed to turn over the proceeds of the sale as directed, and therefore a cause of action for money had and received accrued to the plaintiff. He was under no disability. Notwithstanding, he neglected to assert his right for a period of approximately nine years. In the meantime the three-year statute of limitations had barred his right and it necessarily follows that the trial judge ruled correctly.

Affirmed.