T. E. CRAIG v. BEN F. PRICE.

(Filed 25 November, 1936.)

**1. Mortgages H b—**

An agreement to delay foreclosure of a deed of trust securing a note long past due is void for want of consideration.

**2. Limitation of Actions A c—**

A cause of action for breach of a contract to delay foreclosure of a deed of trust is barred after three years from the breach of the contract by foreclosure in violation of the agreement.

**3. Limitation of Actions C c—**

A promise to reconvey the land to the trustor will not estop the *cestui* from setting up the statute of limitations in the trustor's action to recover for breach of the *cestui's* alleged contract to delay foreclosure.

**4. Mortgages H h—**

Trustor cannot complain that no personal notice of foreclosure was given him when all the provisions of the instrument and the statute in respect to advertisement were fully complied with.

**5. Frauds, Statute of, F b—**

It is not necessary that the statute of frauds be pleaded in order to render incompetent parol evidence of a contract to convey land.

APPEAL by plaintiff from *Cowper, Special Judge,* at September Term, 1936, of MECKLENBURG. Affirmed.

Action for damages for alleged breach of contract to delay foreclosure of deed of trust on plaintiff's land. Summons issued 13 July, 1934.

Plaintiff alleged in his complaint that defendant, owner and holder of plaintiff's past-due note secured by deed of trust on plaintiff's land,

orally agreed, in summer of 1929, in order to give plaintiff opportunity to refinance the debt, that the land would not be sold until later in the fall; that in the late fall of that year plaintiff ascertained that the land had been sold by the trustee, without notice to plaintiff, and contrary to the agreement, and the land purchased by defendant; that "on account of defendant's breach of his contract not to sell the plaintiff's land, and on account of selling same not only in violation of the agreement, but without notifying plaintiff that it was to be sold in order to afford him opportunity to refinance the claim, the plaintiff has been greatly damaged."

Defendant answered denying that there was any agreement not to foreclose, alleging that the debt was long past due and unpaid after repeated demands; that the foreclosure sale was duly advertised by John C. Sikes, the trustee, and sale had on 14 October, 1929, at which sale defendant bid off the land for the amount of his debt.

Defendant further set up the three-year statute of limitations.

In reply, plaintiff alleged that his delay in bringing suit was due to the repeated promises of defendant to reconvey the land to plaintiff, and that defendant was thereby estopped to plead the statute of limitations.

The plaintiff testified substantially in accord with his allegations. At the close of plaintiff's evidence motion for nonsuit was sustained, and from judgment dismissing the action plaintiff appealed.

*J. D. McCall and Carswell & Ervin for plaintiff, appellant.*
*W. B. Love and Stewart & Bobbitt for defendant, appellee.*

DEVIN, J. Plaintiff bases his action upon the alleged breach of an agreement to delay the foreclosure of a deed of trust long in default.

There being no consideration for the promise to extend the time for foreclosure, it will not support a contract enforceable in law, or give ground for an action for damages for its breach. *Cromartie v. Lumber Co.,* 173 N. C., 712; *Jackson v. Bank,* 203 N. C., 357.

A promise is not binding in law if founded solely on a consideration which the law holds insufficient to create a legal obligation. *Hatchell v. Odom,* 19 N. C., 302; *Williams v. Chevrolet Co.,* 209 N. C., 29.

The breach of contract is alleged to have occurred in October, 1929, and, more than three years having elapsed before suit was instituted, it would seem plaintiff's cause of action was barred by the statute of limitations; nor is the evidence sufficient to show that defendant is estopped to plead the statute, under the rule laid down in *Oliver v. Fidelity Co.,* 176 N. C., 598; McIntosh Prac. & Proc., sec. 130; *Bryant v. Kellum,* 209 N. C., 112.

Plaintiff complains that he did not receive personal notification of the foreclosure sale, but there was no evidence that the provisions of the deed of trust or of the statute, with respect to advertisement, were not fully complied with.

Plaintiff does not base his action upon breach of parol contract to convey the land to him. But this would not avail him, for the alleged promise is denied, and it would not be necessary for the defendant to specifically plead the statute of frauds to render the evidence incompetent to prove the contract. *Winders v. Hill,* 144 N. C., 614; *Clegg v. Bishop,* 188 N. C., 564.

The motion for judgment of nonsuit was properly sustained, and the judgment is

Affirmed.