HORACE C. WHEELESS v. ST. PAUL FIRE AND MARINE
INSURANCE COMPANY

No. 718DC232

(Filed 26 May 1971)

1. Insurance §§ 69, 108; Limitation of Actions § 4— claim under uninsured motorist clause — accrual of action

   A cause of action for the recovery of property damages under the uninsured motorist clause of an automobile liability policy accrues when the damages are sustained, and not when the insurer refuses an injured party's demand for payment.

2. Insurance § 69— recovery under uninsured motorist clause — accrual of insurer's obligation to pay

   An insurer becomes obligated to pay under an uninsured motorist clause when the insured sustains damages under circumstances entitling him to recover from the owner or operator of an uninsured automobile.

3. Limitation of Actions § 1— construction of statute — unavailability of facts relating to cause of action

   The unavailability of information concerning a fact which must be proved in order for a plaintiff to recover does not interrupt or delay the operation of the statute of limitations.

4. Insurance § 69— action under uninsured motorist clause — statute of limitations

   Action to recover property damage under uninsured motorist clause was barred by plaintiff's failure to institute the action within three years from the date that damage was sustained. G.S. 1-52(1).

APPEAL by defendant from Nowell, District Judge, 16 November 1970 Session of District Court held in WAYNE County.

Plaintiff seeks recovery for property damage under the uninsured motorist clause of an automobile liability insurance policy issued by defendant. The collision giving rise to plaintiff's claim occurred 14 May 1966. This action was instituted 19 March 1970.

Defendant pleaded the three year statute of limitations, G.S. 1-52, in bar of the action and moved for judgment on the pleadings. The motion was denied and defendant appealed.

*Braswell, Strickland, Merritt & Rouse by Roland C. Braswell for plaintiff appellee.*

*Smith, Anderson, Dorsett, Blount and Ragsdale by John L. Jernigan for defendant appellant.*

GRAHAM, Judge.

Rule 4, Rules of Practice in the Court of Appeals of North Carolina, was amended 20 January 1971 and now provides:

"From the ruling on an interlocutory motion, unless provided for elsewhere. Any interested party may enter an exception to the ruling on the motion and present the question thus raised to this Court on the final appeal; provided, that when any interested party conceives that he will suffer substantial harm from the ruling on the motion, unless the ruling is reviewed by this Court prior to the trial of the cause on its merits, he may petition this Court for a writ of *certiorari* within thirty days from the date of the entry of the order ruling on the motion."

The above rule, as amended, was not in effect at the time defendant appealed in this case. For this reason, and also because of the nature of the question involved, we have elected to treat defendant's appeal as a petition for *certiorari*, allow it, and pass on the merits of the question raised.

[1] The sole question presented is: When did the statute of limitations begin running with respect to plaintiff's claim under the uninsured motorist provisions of the insurance policy issued by defendant? If, as defendant contends, the cause of action accrued at the time damages were sustained, the suit is barred by the three year statute of limitations provided for contract actions. G.S. 1-52(1). Plaintiff contends that the cause of action did not accrue, and consequently the statute of limitations did not start running, until demand for payment under the policy was made and refused by defendant. The record does not show when this event occurred, but presumably plaintiff could show that it was within the three year period preceding the institution of this suit:

" 'Generally, a cause of action accrues to an injured party so as to start the running of the statute of limitations when he is at liberty to sue, being at that time under no disability. . . . When the statute of limitations begins to run it continues until stopped by appropriate judicial process.' *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570; *Peal v. Martin*, 207 N.C. 106, 176 S.E. 282; *Washington v. Bonner*, 203 N.C. 250, 165 S.E. 683; 5 Strong's N. C. Index 2d, Limitation of Actions § 4." *Insurance Co. v. Insurance Co.*, 277 N.C. 216, 176 S.E. 2d 751.

The uninsured motorist clause of the policy provides in pertinent part:

" 'To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile. . . .

For the purpose of this endorsement, determination as to whether the insured or such legal representative is legally entitled to recover such damages, and if so, the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree and the insured so demands, by arbitration; but if the insured elects not to arbitrate, the liability of the company shall be determined only in an action against the company and no prior judgment against any person or organization alleged to be legally responsible for such damages shall be conclusive on the issue of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company. In any action against the company, the company may require the insured to join such person or organization as a party defendant.' "

Justice Branch, speaking for the Supreme Court in *Williams v. Insurance Co.*, 269 N.C. 235, 152 S.E. 2d 102, set forth elements of proof necessary to effect recovery under an uninsured motorist endorsement:

"The insured, in order to be entitled to the benefits of the endorsement, must show (1) he is legally entitled to recover damages, (2) from the owner or operator of an uninsured automobile, (3) because of bodily injury, (4) caused by accident, and (5) arising out of the ownership, maintenance, or use of the uninsured automobile."

In the cases of *Wright v. Casualty Co.* and *Wright v. Insurance Co.*, 270 N.C. 577, 155 S.E. 2d 100, it was expressly held that the institution of suit by an insured against an uninsured motorist is not a condition precedent to an insurer's liability under an uninsured motorist clause in an insurance contract.

[2] We find nothing in the uninsured motorist clause, the applicable statutes, or previously decided cases which suggests

that an insured must negotiate with an insurer, make demand for payment, or submit his claim to arbitration before having standing to institute suit for recovery. Suit may be instituted when the insurer becomes obligated to pay. An insurer becomes obligated to pay under an uninsured motorist clause of a policy at the time the insured sustains damages under circumstances entitling him to recover from the owner or operator of an uninsured automobile.

[3] Plaintiff calls attention to the fact delays are often involved in determining whether a vehicle was an uninsured vehicle within the meaning of a policy of insurance and the applicable statutes. However, the unavailability of information concerning a fact which must be proved in order for a plaintiff to recover does not interrupt or delay the operation of the statute of limitations. "Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action." *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508.

[4] We hold that plaintiff was at liberty to sue on the claim now asserted at the time his damages were sustained. The complaint shows on its face that the suit was not brought within three years of that time as required by statute. Plaintiff has shown no disability which prevented the institution of suit within that period. Therefore, defendant's motion for judgment on the pleadings should have been allowed.

Reversed.

Judges CAMPBELL and BRITT concur.