THE TRAVELERS INSURANCE COMPANY, A CORPORATION v. ROMA B. RUSHING

No. 7726DC518

(Filed 2 May 1978)

1. **Limitation of Actions § 4— insurance overpayment—action to collect not barred by statute of limitations**

In an action to recover $980 allegedly paid by plaintiff to defendant by mistake, plaintiff's action was not barred by the three year statute of limitations, since plaintiff originally made payment to defendant for an injury compensable under workmen's compensation after payment was approved by the Industrial Commission by order entered on 30 October 1972; plaintiff subsequently discovered the $980 overpayment; on 18 February 1975 the Industrial Commission set aside its previous order and reduced defendant's award by $980; plaintiff's legal right to recover the overpayment therefore did not accrue until 18 February 1975; and this action, commenced on 22 June 1976, was well within the limitation period.

2. **Master and Servant § 95— modified order of Industrial Commission—failure to appeal—collateral attack improper**

Since defendant did not appeal from an order of the Industrial Commission, issued pursuant to G.S. 97-17 modifying its earlier award to defendant, and assert her legal defense that an overpayment for an injury compensable under workmen's compensation was made pursuant to a mistake of law rather than fact, she could not collaterally attack the Industrial Commission's modified award in plaintiff insurer's subsequent action to enforce the modified award.

APPEAL by defendant from *Sentelle, Judge.* Judgment entered 30 March 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 28 March 1978.

In this action plaintiff seeks to recover $980 which it alleges it paid to defendant by mistake. Defendant answered, pleading the three-year statute of limitations and other defenses. Jury trial was waived.

The following was established by discovery and stipulations: On 20 March 1972 defendant was employed by a firm for whom plaintiff was the workmen's compensation insurance carrier. On said date she received a compensable injury to the middle finger of her left hand which resulted in amputation of the finger at the distal joint. Plaintiff's claims supervisor approved payment of $1,960 based upon 100 percent loss of the finger. This payment was approved by the Industrial Commission by order entered on 30 October 1972. Thereafter, plaintiff discovered that its claims supervisor had made a mistake in that defendant should have been paid $980 for 50 percent loss of her finger. On 18 February 1975, on motion of plaintiff, the Industrial Commission, because of the mistake, set aside its previous order and reduced defendant's award to $980.00. Defendant did not appeal from that order.

At trial the court ruled that the three-year statute of limitations did not apply and denied a defense motion to dismiss on that ground. Plaintiff's claims supervisor testified that he mistakenly authorized too much compensation for defendant either because he misread her medical reports or because he misinterpreted a chart which correlates certain injuries with certain disability percentages.

Judgment was entered to the effect that defendant was entitled to recover only $980 in workmen's compensation and that plaintiff had paid defendant $980 under a mistake of fact. The court adjudged that plaintiff was entitled to recover $980 from defendant "for monies had and received under a mistake of fact".

Defendant appealed.

*Boyle, Alexander and Hord, by Norman A. Smith, for the plaintiff.*

*Kenneth W. Parsons for the defendant.*

BRITT, Judge.

[1] Defendant contends first that plaintiff's action is barred by the three-year statute of limitations. We disagree with this contention.

Defendant argues that plaintiff's cause of action to recover the $980 overpayment accrued on the date that compensation was

paid under the original award of 30 October 1972, and that this action, which was instituted on 22 June 1976, is barred by the three-year statute of limitations applicable to implied contracts. We reject this argument. Until the original award was modified on 18 February 1975, plaintiff had no cause of action to recover the $980 overpayment because defendant had a workmen's compensation agreement pursuant to G.S. 97-17 for 100 percent permanent partial disability which included the $980 overpayment and was enforceable in the courts under G.S. 97-87.

"A cause of action accrues and the statute of limitations begins to run whenever a party becomes liable to an action, if at such time the demanding party is under no disability. In no event can a statute of limitations begin to run until plaintiff is entitled to institute action. As has been stated generally, a right of action accrues to an injured party so as to start the running of the statute of limitations when he is at liberty to sue, being under no disability; and once the statute of limitations begins to run, it continues until stopped by appropriate judicial process." 8 Strong's N.C. Index 3d, Limitations of Actions § 4, pp. 371-72.

It was not until the plaintiff obtained a modification of the award by the Industrial Commission pursuant to G.S. 97-17 on 18 February 1975 that it had a legal right to recover the overpayment. Plaintiff instituted this action on 22 June 1976 which was well within the limitation period.

[2] Defendant contends next that plaintiff is not entitled to recover the $980 overpayment because it was made pursuant to a mistake of law rather than fact. Since this defense is in effect a collateral attack on what defendant contends was an erroneous quasi-judicial ruling by the Industrial Commission, we are unable to consider it on its merits. See 8 Strong's N.C. Index 3d, Judgments § 16.

> An erroneous judgment is one entered contrary to law. Such a judgment can be corrected only by appeal, and a party may not thereafter attack it for intrinsic errors or errors in the proceedings culminating in its entry.

> \* \* \*

> An erroneous judgment binds the parties until corrected in the proper manner in the exercise of due diligence. It can-

not be collaterally attacked. 8 Strong's N.C. Index 3d, Judgments § 18, p. 45.

G.S. 97-86 provides:

Award conclusive as to facts: appeal; certified questions of law.—The award of the Industrial Commission, as provided in G.S. 97-84, if not reviewed in due time, or an award of the Commission upon such review, as provided in G.S. 97-85, shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within 30 days from the date of such award or within 30 days after receipt of notice to be sent by registered mail or certified mail of such award, but not thereafter, appeal from the decision of said Commission to the Court of Appeals for errors of law under the same terms and conditions as govern appeals from superior court to the Court of Appeals in ordinary civil actions. . . .

Since defendant did not appeal from the modified order of 18 February 1975, which was issued pursuant to G.S. 97-17, and assert her legal defense in that manner, she cannot collaterally attack the validity of that award in the plaintiff's subsequent action to enforce the modified award.

Although we can find no case directly on point with the present situation, the case of *Robinson v. United States Casualty Co.*, 260 N.C. 284, 132 S.E. 2d 629 (1963), is analogous. In that case the plaintiff's driver's license was suspended by the North Carolina Department of Motor Vehicles because the defendant insurance company allegedly misinformed the department that plaintiff did not have automobile liability insurance in force on the date that he was involved in an accident. Plaintiff was given notice of the hearing and of the suspension but failed to challenge the truthfulness of the testimony by the defendant insurance company either at the hearing before the commissioner or by the statutory right of appeal to the superior court where the proceeding to suspend would have been heard *de novo*. Instead, plaintiff brought action against the insurance company for damages sustained because of the allegedly false testimony which was given in the quasi-judicial proceeding and which caused a finding and adjudication adverse to him. The court held that the suspension or revocation of a driver's license by the Department

of Motor Vehicles was a quasi-judicial act which could not be collaterally attacked.

Applying this principle to the present case, under G.S. 97-86 defendant was entitled to have a review of all legal questions and findings by the Court of Appeals, but she failed to assert this right. The action by the Industrial Commission like the action of the Department of Motor Vehicles was a quasi-judicial act which cannot be collaterally attacked in an independent action as defendant is attempting to do. In the absence of a direct appeal, the modified order of the Industrial Commission is conclusively presumed to be correct and cannot be collaterally attacked. A review of other cases which attack a modification order entered pursuant to G.S. 97-17 shows that each was appealed directly from the Industrial Commission ruling rather than attacked in an independent suit. *See Pruitt v. Publishing Co.*, 289 N.C. 254, 221 S.E. 2d 355 (1976); *Caudill v. Manufacturing Co.*, 258 N.C. 99, 128 S.E. 2d 128 (1962); *Hartsell v. Cotton Mills*, 4 N.C. App. 67, 165 S.E. 2d 792 (1969).

For the reasons stated, we conclude that plaintiff brought a timely action to have the modified order of the Industrial Commission enforced and that defendant cannot collaterally attack said order when she did not appeal as permitted by G.S. 97-86.

Affirmed.

Judges CLARK and ERWIN concur.