**ROTHMANS TOBACCO COMPANY, LTD. and Rothmans (New Zealand) Ltd., Appellants,**

v.

**LIGGETT GROUP, INC., Appellee.**

No. 84–2242.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1985.

Decided Aug. 22, 1985.

Anthony H. Brett, Winston-Salem, N.C. (Roddey M. Ligon, Jr., Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., on brief), for appellants.

Joel M. Craig, Timothy C. Barber, Newsom, Graham, Hedrick, Bryson & Kennen, Durham, N.C., on brief), for appellee.

Before HALL and PHILLIPS, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

The critical issue is the time at which the statute of limitations begins to run in respect of claims by a trademark licensee against its licensor based upon the ultimately successful assertion by a third party of a superior registration. The district court held that the claims accrued when the third party obtained an interim injunction against the licensor and the licensee prohibiting use of the mark, and that the claims were on that basis time-barred. The licensee contends that the claims only accrued upon entry of a final judgment establishing the third party's superior registration, and that the claims are on that basis not time-barred. We agree with the district court on the earlier accrual date, and affirm.

I

On August 25, 1976, Liggett Group, Inc. (Liggett) licensed the trademark "Eve" to Rothmans Tobacco Company, Ltd. (Rothmans) for use in the sale of cigarettes in New Zealand. Rothmans began selling Eve cigarettes under the agreement on

February 1, 1977, but in an action against both Liggett and Rothmans, Phillip Morris won an interim injunction from a New Zealand court barring the manufacture and sale of Eve cigarettes by Rothmans in New Zealand on March 11, 1977, based on Phillip Morris' claim that it had earlier validly registered the trademark Eve in New Zealand. On December 20, 1978, Phillip Morris obtained a final judgment against Liggett and Rothmans that recognized its ownership of the Eve trademark in New Zealand.

Rothmans then commenced an action against Liggett in the United States District Court for the Middle District of North Carolina on November 17, 1981, contending that Liggett fraudulently misrepresented facts during negotiation of the licensing agreement, breached the contract in not providing Rothmans with the right to use the trademark, and violated North Carolina's unfair trade practice statute, N.C. Gen.Stat. § 75–16. Among other defenses, Liggett pleaded the bar of North Carolina statutes of limitations.

The district court granted summary judgment to Liggett finding Rothmans barred by the applicable three and four year statutes of limitations.[1] The court held that Rothmans' actions accrued on March 11, 1977, the date of entry of the interim injunction, and that Rothmans filed suit on November 17, 1981, more than four years later. This appeal followed.

## II

There is no dispute about the applicable statutes of limitations or of their periods. Issue is joined solely on the time at which they began to run against Rothmans. Rothmans contends that the claims only accrued on December 20, 1978, the date of the New Zealand final judgment, within three years of the date that it filed suit. We disagree, concluding instead that, as the district court held, all the claims accrued, as a matter of law, when the interim injunction was entered.

Under North Carolina law, an action accrues at the time of invasion of the plaintiff's right. *See Peal v. Martin*, 207 N.C. 106, 110, 176 S.E. 282 (1934). For contract actions, accrual occurs at the time of breach. *Craig v. Price*, 210 N.C. 739, 740, 188 S.E. 321 (1936). Actions based on fraud accrue at the time that the fraud is discovered or should have been discovered with the exercise of reasonable diligence. *Wilson v. Crab Orchard Development Co.*, 276 N.C. 198, 214, 171 S.E.2d 873, 884 (1970).

### A

In this admittedly difficult factual situation for application of these traditional accrual principles, we hold that any breach of contract by Liggett as licensor must be held first to have occurred when the third party's interim injunction effectively caused a cessation of performance of its contractual obligations by Liggett. Liggett's obligation, upon which the contract claim is based, was continuously to provide the Eve trademark for Rothmans' use. As of the date of the interim injunction, Liggett was in breach of that obligation, albeit by virtue of the intervention of a third party asserting a right disabling it from performance, and not by any affirmative action of cessation taken by Liggett.

On comparable reasoning, we hold that any claim for fraud or unfair trade practices also accrued no later than the date of the interim injunction. If, as alleged, Liggett misrepresented some aspect of its rights to the Eve trademark during negotiations, Rothmans' must be held to have become constructively or actually aware of the deceit no later than the date that Phillip Morris established at least a colorable superior right to that of Liggett by the entry of that injunction.

Rothmans points out that Phillip Morris posted a bond to compensate Rothmans for damages in case the interim in-

1. The limitations period on North Carolina contract and fraud actions is three years, *see* N.C. Gen.Stat. §§ 1–52(1) and (9), and on fair trade action is four years, *see id.* § 75–16.2.

junction was improperly granted, and contends that because at that point it was thereby adequately protected on all flanks, it had not suffered the invasion of right that would accrue a claim for breach against Liggett. We disagree. The injunction, whether rightly or wrongly entered at the time, effectively deprived Rothmans of the bargained performance by Liggett, which was the subject of its claim. That Phillip Morris rather than Liggett might in the end have been responsible for interim injury does not alter the fact that by whatever immediate agent, performance was then interrupted.

Nor is it true, as Rothmans contends, that the limitations period did not run until final judgment because it could not have sued for breach prior to that time. Rothmans could have immediately sued based on Liggett's failure to perform and although the issue of damages may not have been determinable without final resolution of the New Zealand suit, unavailability of information concerning a fact that Rothmans must prove would not delay the running of the limitations period. *See Wheeless v. St. Paul Fire And Marine Insurance Co.*, 11 N.C.App. 348, 351, 181 S.E.2d 144, 147 (1971). The case is not like *Travelers Insurance Co. v. Rushing*, 36 N.C.App. 226, 228, 243 S.E.2d 420, 422 (1978), cited by Rothmans, because in *Travelers*, the plaintiff had no legal basis on which to sue until the industrial commission reduced its award to an injured worker. Although the lack of a legal basis for a suit delays the running of the limitations period, lack of knowledge of all facts necessary to establish damages does not. *Cf. Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir.1977) (under federal law, pendency of administrative review of university's decision to fire plaintiff did not delay running of limitations period even though decision in plaintiff's favor would have eliminated her injury).

Finally, we reject Rothmans' contention that Liggett was estopped from raising the statute of limitations defense. North Carolina courts recognize an estop-

pel bar to the defense when the defendant has induced the plaintiff to delay in filing suit by promising to correct defects in performance. *See Nowell v. Great Atlantic & Pacific Tea Co.*, 250 N.C. 575, 578–80, 108 S.E.2d 889, 891–92 (1959). However, Liggett was not estopped unless it knowingly made a false representation of facts, unless Rothmans reasonably relied on the representation, and unless Rothmans was without the means of knowing the truth. *Matthieu v. Piedmont Natural Gas Co.*, 269 N.C. 212, 216–17, 152 S.E.2d 336, 340 (1967). Even if Liggett falsely represented that it would win the lawsuit with Phillip Morris, Rothmans had the means to determine the likelihood of success of Liggett's position and could not reasonably rely on Liggett's promise.

The existence of pending litigation between the parties to a dispute and third parties may also delay the running of the limitations period, but again, only if the elements of equitable estoppel are present. *See* 18 S. Williston, *A Treatise on the Law of Contracts* § 2045 at 870 (3d ed. 1978). Hence, the defendant is estopped from pleading the statute of limitations if he induces the plaintiff to delay filing suit by agreeing that the outcome of the intervening litigation will determine his liability. *Daniel v. Board of Commissioners of Edgecombe County*, 74 N.C. 494, 500–01 (1876). The defendant may be estopped by express or implied agreement, or by other misrepresentation, but the plaintiff must show some element of justifiable reliance on statements or conduct of the defendant to support the estoppel claim. *See* 18 S. Williston, *supra*, at 873.

Rothmans presented no evidence of statements or conduct by Liggett that could be taken as an offer to accept delay in a suit by Rothmans pending the outcome of the intervening litigation with Phillip Morris. Hence, Liggett was not estopped from raising the statute of limitations defense.

Having found that the trial court correctly determined that Rothmans suit was

barred by the applicable statutes of limitations as a matter of law, we affirm.

AFFIRMED.

K.K. HALL, Circuit Judge, dissenting:

I disagree with the majority's conclusion that Rothmans' causes of action against Liggett accrued when the interim injunction was issued on March 11, 1977. In my view, the alleged breach of contract, fraudulent misrepresentation, and violation of North Carolina's unfair trade practice statute by Liggett could not have been found to exist until such time as it was finally determined that Liggett did not have a marketable "Eve" trademark. Because such a determination did not occur until December 20, 1978, I do not believe that Rothmans' claims accrued until that date. I would, therefore, hold that Rothmans' action, filed on November 17, 1981, was not barred by the applicable three and four year statutes of limitations. Accordingly, I would reverse the district court's order granting summary judgment to Liggett and remand the case for trial on the merits.