THOMAS J. SEELY AND LAURA R. SEELY, PLAINTIFFS-APPELLEES v. BORUM & ASSOCIATES, INC. AND B.J. BARNES, SHERIFF OF GUILFORD COUNTY, DEFENDANTS-APPELLANTS

No. COA96-1299

(Filed 5 August 1997)

**Liens § 29 (NCI4th)— erroneous judgment—collateral attack not permitted**

The purchasers of a lot in a residential subdivision could not collaterally attack a judgment enforcing a contractor's prior mechanic's lien for engineering and surveying services provided

to the subdivision developer on the ground that the judgment erroneously permitted the contractor to enforce its entire lien against their lot, since a judgment which is erroneous but not void may not be collaterally attacked, and the purchasers acquired title with actual and constructive (record) notice that it was subject to a lien superior to the interest they acquired and could have intervened in the lien suit.

Appeal by defendant Borum & Associates, Inc. from judgment entered 14 May 1996 by Judge Sanford L. Steelman, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 22 May 1997.

*Stern, Graham, & Klepfer, L.L.P., by James W. Miles, Jr. and William A. Eagles, for plaintiffs-appellees.*

*Kenneth L. Jones for defendant-appellant Borum & Associates, Inc.*

WYNN, Judge.

Defendant Borum & Associates, Inc. ("Borum") provided surveying and engineering services to Equestrian Properties Limited Partnership ("Equestrian") in connection with the development of the Polo Farms residential subdivision in Guilford County, North Carolina. When Equestrian failed to pay Borum for services rendered, Borum filed a Claim of Lien against the Polo Farms property under N.C. Gen. Stat. § 44A-12 and subsequently filed suit on 20 May 1992 to enforce its lien under N.C. Gen. Stat. § 44A-13. Named as defendants in the enforcement suit were Equestrian and all lienholders, mortgage holders and others with subordinate interests of record on the date the suit was filed.

Plaintiffs, Thomas J. and Laura R. Seely, purchased lot 251 in the Polo Farms subdivision in December 1992, after the enforcement suit was filed but before judgment was entered in that matter. Although plaintiffs had both record and actual notice of the lien and pending suit to execute the lien when they purchased lot 251, they did not intervene in the action. In August 1994, the trial court entered judgment awarding Borum $27,650.39 and ruling that the lien was enforceable against the Polo Farms property as of 1 February 1990. Thereafter, the Clerk of Guilford County Superior Court issued execution directing the Sheriff to sell lot 251 to satisfy the lien in accordance with the judgment.

SEELY v. BORUM & ASSOC., INC.

[127 N.C. App. 193 (1997)]

Plaintiffs filed this action and the court subsequently issued a preliminary injunction enjoining the sale of lot 251 pending the outcome of the trial. At that trial, the court ruled that plaintiffs could collaterally attack the judgment Borum had obtained against Equestrian. After concluding that Borum had performed no work with respect to lot 251 (in section 1) after 5 February 1990 with the exception of the preparation of sales maps for sections 1, 2 and 3, the trial court ordered that a lien in the amount of $581.65 be docketed against lot 251. All parties appealed to this Court.

———————————

We resolve this appeal by addressing only one of the several issues raised by the parties to this appeal: Did the trial court err by ruling that the Seelys could collaterally attack the judgment that Borum had obtained against Equestrian? Answer: Yes. The trial court erroneously concluded that the Borum judgment could be collaterally attacked by the Seelys.

In *Ridge Community Investors, Inc. v. Berry*, 293 N.C. 688, 239 S.E.2d 566 (1977), our Supreme Court noted:

> The general rule is that a judgment may not be attacked by one who is a stranger to the action in which it was entered. However, this rule is not without exception. A judgment which is void, as opposed to being merely voidable or irregular, may be attacked at any time by anyone whose interests are adversely affected by it. For example, when a judgment operates as a lien upon real property, one who later acquires the property, even after entry of judgment, may move to vacate the judgment on the ground that it is void. One qualification to the above-stated exception is that the grounds which support an allegation that a judgment is void must appear upon the face of such judgment, or the plaintiff must allege facts which, if supported by competent evidence, would vitiate or nullify an otherwise apparently valid judgment.

*Id.* at 699, 239 S.E.2d at 572 (citations omitted).

In the subject case, the trial court allowed the Seelys to collaterally attack the Borum judgment because the Seelys "alleged facts in their complaint, which, if supported by competent evidence would vitiate or nullify an otherwise apparently valid judgment." In reaching this conclusion, the trial court relied upon the Seelys' allegations that the original judgment was void because it permitted Borum "to enforce the entire lien against one parcel out of all of the parcels subject to the lien" in contravention of N.C.G.S. § 44A-9. In essence, the

trial court found that the Seelys had alleged facts sufficient to show that the Borum judgment was erroneous. However, the law is well-settled that an erroneous judgment, which is one "rendered according to the course and practice of the court, but contrary to law, or upon a mistaken view of the law, or upon an erroneous application of legal principles," may be remedied by appeal, but may not be collaterally attacked. *Wynne v. Conrad*, 220 N.C. 355, 360, 17 S.E.2d 514, 518 (1941). *See also Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 360 S.E.2d 772 (1987); *East Carolina Lumber Co. v. West*, 247 N.C. 699, 102 S.E.2d 248 (1958); *Moore v. Humphrey*, 247 N.C. 423, 101 S.E.2d 460 (1958); *Worthington v. Wooten*, 242 N.C. 88, 86 S.E.2d 767 (1955); *Travelers Ins. Co. v. Rushing*, 36 N.C. App. 226, 243 S.E.2d 420 (1978). Therefore, we find that the trial court erred in permitting plaintiffs to collaterally attack Borum's judgment against Equestrian.

Moreover, we note that plaintiffs acquired title to the property with actual and constructive (record) notice that it was subject to a lien superior to the interest which they acquired. Therefore, they could have intervened in the lien suit pursuant to Rule 24 of the North Carolina Rules of Civil Procedure in order to protect their rights and interest in lot 251 and could have brought forward the same arguments and contentions that they espouse in this present action.

In light of our holding, we find it unnecessary to address other issues raised by the parties to this appeal.

For the foregoing reasons, the judgment of the trial court is,

Reversed.

Judges LEWIS and MARTIN, John C., concur.