J. B. CARVER and wife v. W. O. BRADY and A. G. BRADY.

*Injunction—Mortgage—Usury—Notice.*

1. A mortgagee will not be restrained because he failed to give mortgagor ninety days' notice of his intention to foreclose. Such notice is unnecessary.

2. Before one can ask the Court, by injunction, to restrain a sale under mortgage, on account of usurious interest charged, he must pay what is justly due, principal and interest. He who would have equity must do equity.

CIVIL ACTION, pending in CUMBERLAND Superior Court, and heard, upon an application for an injunction, by *Gilmer*, *J.*, at May Term, 1889.

The motion was by plaintiff for an injunction to prevent the defendants from selling the plaintiff's land under mortgage, as set forth in complaint used as an affidavit.

The Court refused to grant the injunction, and plaintiff excepted.

The plaintiff insisted that the Court should restrain the defendants from selling until they had given plaintiff ninety days' notice of their intention to foreclose.

The Court refused to so order, and plaintiff excepted.

The plaintiff insisted that the order of the Court should restrain the defendants from collecting anything more than the principal money of his debt, because the defendants had received and reserved and taken usurious interest, and had thereby forfeited all interest, as provided by law.

The Court declined to so rule, and plaintiff excepted and appealed.

*Mr. Thomas H. Sutton* (*Mr. N. W. Ray* filed a brief), for plaintiff.

*Mr. John W. Hinsdale* filed a brief for defendants.

SHEPHERD, J.:

1. "The plaintiff insisted that the Court should restrain the defendants from selling until they had given the plaintiff ninety days' notice of their intention to foreclose." It has been fully settled by this Court that such notice is unnecessary. *Bridgers* v. *Morris*, 90 N. C., 32; *Manning* v. *Elliott*, 92 N. C., 48.

2. The plaintiff further insisted "that the order of the Court should restrain the defendants from collecting anything more than the principal money of his debt, because the defendants had received and reserved usurious interest, and had thereby forfeited all interest, as provided by law." The contract here was to pay eight per cent. interest, and this the plaintiff must pay, together with the principal, when he seeks the equitable aid of the Court. This question is settled in *Cook* v. *Patterson*, 103 N. C., 127, where it is said that, "when the plaintiff asks the Court to interfere·and grant an injunction till the true amount can be ascertained, he is deemed subject to the rule that one who seeks equitable

relief must do equity. The Court will, therefore, compel him, as a condition upon which the aid of the Court is extended to him, to pay the amount that is justly due." *Manning* v. *Elliott, supra; Purnell* v. *Vaughan*, 82 N. C., 134; *Simonton* v. *Lanier*, 71 N. C., 498.

We see no reason to depart from the principles declared in these well-considered cases.

Affirmed.