ALICE A. SHAFFER et al v. M. A. BLEDSOE et al.

*Husband and Wife—Conveyance of Land by Husband without Joinder of Wife.*

Where a marriage took place and land was acquired by the husband before the adoption of the Constitution of 1868, the restriction on the husband's right of alienation contained in Section 8, Article 10, of the Constitution, does not apply.

CIVIL ACTION for the recovery of land, tried before *Starbuck, J.*, and a jury, at April Term, 1895, of WAKE Superior Court. There was a verdict for plaintiff and from the judgment thereon the defendant appealed. The facts sufficiently appear in the opinion of Associate Justice FURCHES.

Mr. *T. R. Purnell*, for plaintiff.
Mr. *J. C. L. Harris*, for defendants (appellants).

FURCHES, J. : This is an action for possession of land and comes before us on the appeal of defendants. There are several exceptions on the part of defendant to the rulings of the court in refusing to make new parties, and to ruling out evidence offered for the alleged purpose of showing that defendant was only a life tenant and that other parties were the owners in fee of the remainder. We have

SHAFFER *v.* BLEDSOE.

examined all these exceptions and find no error in the ruling of the court below. We think they were properly overruled and disallowed. This being so, the case comes down to the question of plaintiff's title which she claims to have been derived from defendant by three lines of conveyances :

1. Through a mortgage from the defendant to G. D. Rand, dated March 30, 1885 ; from said Rand to Crowder, dated January 9, 1888; from Crowder to N. M. Rand, dated November 2, 1888; from N. M. Rand to C. H. Belvin, dated January 23, 1892, and a deed from Belvin and wife to the plaintiff, dated February 27, 1894.

2. By deed to J. G. Williams from defendant Bledsoe, dated September 21, 1875, and mesne conveyances from said Williams to the plaintiff.

3. Tax-title-deed, dated February 27, 1894.

But as the mortgage to Rand and the mesne conveyances thereunder cover all the land in controversy, and as we think the discuss on of this chain of title will dispose of the case we will not discuss the others. That defendant executed the mortgage to G. D. Rand is not disputed. Nor is it denied that the chain from said Rand to plaintiff is complete. But defendant was in 1885 and now is a married man, and his wife did not join him in the execution of said mortgage. And defendant contends that said mortgage deed is void for the reason that under Article X, Section 8, of the Constitution of the State, it conveyed no title to Rand. So, a long trial, in which there are many exceptions, is narrowed down to this one point. The case states that defendant was married to his present wife in 1860 and that he acquired the land before that time. And these facts being admitted we are of opinion that the constitutional restriction on the husband's right of alienation, contained in Section 8, of Article X, does not apply in this case. And

117—10

the mortgage deed from defendant to Rand was effective and conveyed whatever estate the defendant had in the land. *Sutton* v. *Askew*, 66 N. C., 172. It is admitted that expressions—obiter—may be found in our reports that appear to conflict with this opinion. But upon examination it will be found they do not, as they were made on a different state of facts and apply to cases where the parties were married or the land acquired since the adoption of the Constitution of 1868.

If it be that there are parties interested in the remainder after the life estate of defendant Bledsoe, they are not parties to this action and will not be estopped by the judgment in this case from asserting any rights they may have after his death.

Judgment Affirmed.