CHARLES W. CARTER v. A. H. SLOCOMB.

(Decided April 5, 1898.)

*Action to Set Aside a Sale Under Mortgage—Mortgagor and Mortgagee—Power of Sale—Death of Mortgagor— Notice to Heirs.*

1. A power coupled with an interest survives the life of the person giving it and may be executed after his death.

2. The power of sale in a. mortgage is not affected by the mortgagor's death, and may be exercised without notice to his heirs.

CIVIL ACTION to set aside a sale made by defendant Slocomb under a power of sale contained in a mortgage made by W. F. Carter and wife to said Slocomb, and a deed made thereunder by defendant Slocomb to defendant, Daniel Carter, the purchaser at said sale, and to require the said deed to be delivered up and canceled, and for· the possession of the land described in said deed, upon the payment by plaintiff of the balance due upon said mortgage, tried before *McIver, J.*, and a jury at November Term, 1897, of CUMBERLAND Superior Court.

The following issues were submitted to the jury:

1. Was the sale by Slocomb, under the power of sale in the mortgage, void for want of notice to the infant plaintiff, the mortgagor being dead?

2. What is the rental value of the land?

Upon the pleadings, his Honor held that the sale by defendant Slocomb, under the power of sale in the mortgage, was void by reason of the death of the mortgagor and of want of notice to the plaintiff (his infant heir), and of legal proceedings against him for foreclosure, and he directed the jury to respond to the first issue, "Yes."

(Defendant excepted.)

The jury responded to the first issue, "Yes," and to the second issue, $80.

His Honor rendered judgment for the plaintiff, setting aside the sale as void and ordering the deed to the purchaser at such sale to be submitted for cancellation. From this judgment defendants appealed.

*Mr. H. McD. Robinson* for plaintiff.

*Messrs. J. C.* and *S. H. MacRae* for defendants (appellants).

FAIRCLOTH, C. J.: The sole question presented is whether a sale of land by a mortgagee under a power of sale in the mortgage, made after the death of the mortgagor, without notice to the heir, conveys a good title—that is, whether at the death of the mortgagor the power of sale ceases and becomes inefficacious.

In this State when a mortgage is executed the mortgagee becomes the legal, and the mortgagor the equitable owner, and until the day of redemption is past the mortgagor has a legal right, and afterwards an equity of redemption. *Hemphill* v. *Ross*, 66 N. C., 477.

No question of fraud enters into the controversy, nor any as to the amount due on the mortgage debt. The mortgagor cannot demand any notice of intention to sell under the power, and the heir at law stands in the place of his ancestor. *Carver* v. *Brady*, 104 N. C., 219; *Frazier* v. *Bean*, 96 N. C., 327. The general rule is that a power ceases with the life of the person giving it, but where the power is coupled with an interest it survives the life of the person giving it and may be executed after his death. By a "power coupled with an interest" is meant an interest in the thing itself, that is to say, the power must be engrafted on the estate in the thing, and not on the product of the exercise of the power. *Hunt* v. *Rousmainer's heirs*, 8 Wheaton, 203. This principle is not affected by any *change of circumstances*, such as the death of the mortgagor. 8 Am. & Eng. Enc., 875; *Cranson* v. *Crane*, 93 Am. Dec., 106. "The death of the mortgagor does not revoke a power of sale". 2 Jones on Mort., Sec. 1792, and cases cited. "In those States where the common law rule prevails that such a power is coupled with an interest, the death or bankruptcy of the mortgagor does not revoke or suspend the power of the legal holder to sell under the power, as the power is coupled with an *irrevocable* interest and cannot be revoked, but in those States where this power is not coupled with an interest, the rule is different." 2 Pingree on Mortgages, Sec. 1336.

The principle here announced is fully recognized in *Parker* v. *Beasley*, 116 N. C., 1, and other cases by this Court.

Upon these authorities we find that there was error in the judgment below.

Error—Reversed.