## CAWFIELD v. OWENS.

(Filed December 10, 1901.)

1. EVIDENCE—*Deed—Probate.*

An improperly probated deed offered in evidence and excluded, but afterwards properly probated, was properly admitted in evidence.

2. HUSBAND   AND   WIFE — *Alienation — Dower — Homestead — Joinder of Wife—The Constitution, Art. X, Sec. 8.*

The husband may convey land acquired before the Constitution of 1868 without joinder of wife and thereby bar wife of dower or homestead.

3. TRUSTS—*Trustee—Mortgages—Powers—Coupled with an Interest—Power of Sale Mortgages.*

Where one of two trustees in a power of sale mortgage dies, the survivor may execute the trust, this being a trust coupled with an interest.

ACTION by Sarah Cawfield against Amos Owens and May Owens, heard by Judge *M. H. Justice* and a jury, at September Term, 1901, of the Superior Court of RUTHERFORD County.   From a judgment for the plaintiff, the defendant Mary Owens appealed.

No counsel for the plaintiff.
*Solomon Gallert,* and *E. J. Justice,* for the defendants.

CLARK, J.   A deed, made in 1854 but improperly probated, was ruled out.   Thereupon, it was immediately re-probated in proper form, and was then introduced in evidence. There is no valid objection to this.

The grantee in said deed executed a mortgage in 1887 without joinder of his wife.   The property having been acquired in 1854, and it appearing from her answer, averring that the land was bought by her husband with her sepa-

rate property, that she was then married, the joinder of the wife was not necessary to bar either dower or homestead. *Askew v. Sutton,* 66 N. C., 172; *Shaffer v. Bledsoe,* 117 N. C., 144.

The mortgage was upon two tracts, and was executed to two persons, with power of sale. One having died, the mortgage sale was made and the deed executed to plaintiff by the survivor.

The question presented is whether the survivor could execute the power alone, or was it necessary either to have another trustee appointed, or to have the heirs-at-law of the deceased trustee or his personal representative made parties in the sale and execution of deed to the purchaser. If there had been only one trustee formerly, a new trustee should have been appointed, and since Chapter 177, Laws 1887, the power of sale would be executed by the personal representative. But when, as here, there are two trustees in a mortgage with power of sale, the power devolves upon the survivor.

In *Peter v. Beverly,* 34 U. S. (10 Peters), 532, it is said: "The general principle of the common law laid down by Lord Coke and sanctioned by many judicial decisions, is that when the power given to several persons is a mere naked power to sell, not coupled with an interest, it must be executed by all, and does not survive. But where the power is coupled with an interest, it may be executed by the survivor." To same purport, *Hawkins v. May,* 12 Ala., 672; *Parsons v. Boyd,* 20 Ala., 118; *Hannah v. Carrington,* 18 Ark., 85, at page 104; *Franklin v. Osgood,* 14 Johns, 527. A power of sale in a mortgage is "a power coupled with an interest" and is irrevocable. *Carter v. Slocomb,* 122 N. C., 475; 2 Pingree Mort., sec. 1336; 4 Kent. Com., 148; *Hannah v. Carrington, supra.* It does not affect the execution of the power that the notes secured by the mortgage had been assigned to another, nor that two notes, one to R. McBrayer and the other to M.

CAWFIELD *v.* OWENS.

McBrayer, were secured by the mortgage. *Hyman v. Devereux,* 63 N. C., 624.

The presumption of law is in favor of the regularity in the execution of the power of sale, and if there was any failure to advertise properly, the burden was on defendant to show it; but he introduced no evidence to that effect. It does not appear where the *"Western Vindicator"* was published, and if it had been shown to be in the county, *non constat* that publication was not made in another paper.

There was another tract of land sold under the power of sale in the mortgage, but that having been acquired 13th September, 1868, and it being in evidence that at the date of the execution of the mortgage the mortgagor did not have $1,000 worth of realty, his Honor ruled that the failure of the wife to join was a fatal defect. From this no appeal is taken. From his judgment in favor of the plaintiff for the recovery of the other tract acquired by the mortgagor in 1854, the defendant appealed, but we find

No Error.