MRS. PEARL WOODELL v. C. R. DAVIS and wife, LILLIAN B. DAVIS.

(Filed 17 January 1964.)

**1. Mortgages and Deeds of Trust §§ 19, 26—**

Allegations that the purchaser of a note secured by a deed of trust promised not to foreclose so long as the interest was paid on the note and not to foreclose without giving the maker of the note personal notice so that she could refinance, *held* insufficient to allege a defense to foreclosure in the absence of allegation that such promises were supported by consideration, there being no contention that the notice required by statute was not given. G.S. 45-21.17.

**2. Appeal and Error § 40—**

Where the allegations of the complaint fail to state a cause of action the Supreme Court may take notice thereof *ex mero motu*, and judgment dismissing the action will not be disturbed even though defendants' demurrer may have been sustained for the wrong reason.

PARKER, J., dissents.

APPEAL by plaintiff from *Braswell, J.,* April 1963 Session of JOHNSTON.

Plaintiff denominates this an action for the wrongful foreclosure of a deed of trust. She sues the purchasers of the property who are the holder of the note and deed of trust and his wife. The case was heard on a motion to strike and a demurrer to the complaint.

In summary, the allegations remaining in the complaint after the judge ruled upon the motion to strike are: On October 7, 1957, plaintiff and her husband purchased a house and lot as tenants by the entireties in Bladen County from F. L. Poole. To secure the balance of the purchase price they executed a note and deed of trust to him in the amount of $2,370.21. On August 19, 1959, Poole transferred the note and deed of trust to the defendant C. R. Davis and thereafter plaintiff paid him various sums on both the principal and interest, the last payment having been made on January 6, 1962, leaving a balance of $1,510.00 then due. On March 31, 1962, without notifying plaintiff as he agreed to do, Davis called on the trustee to foreclose the deed of trust. The foreclosure was completed on May 21, 1962 and a deed was executed to the defendant C. R. Davis and his wife who had conspired to withhold from the plaintiff all notice of the foreclosure and thereby wrongfully and fraudulently obtained title to the property. On July 18, 1962, after plaintiff had discovered the sale, she called on defendants to reconvey the property to her upon payment in full of the indebtedness but they refused to do so. The fair market value of the property was $5,000.00 and she is entitled to recover the difference between its value and the amount due on the note or $3,490.00. Plaintiff also prayed for punitive damages.

Over plaintiff's objection and exception, paragraphs 6, 7, 8, 9, 10, 12, 13, and 14 of the complaint, or portions thereof, were stricken. Except when quoted, these stricken portions are summarized as follows: At the time defendant C. R. Davis acquired the plaintiff's note and deed of trust the defendants knew that plaintiff's husband "was an alcoholic and completely irresponsible with respect to the payment of debts." The plaintiff was gainfully employed and informed defendants "that she would continue to do the best she could in view of the condition

of her husband." After the assignment, C. R. Davis "contracted and agreed with the plaintiff that so long as she kept the interest paid on the aforesaid indebtedness he would not attempt to foreclose her house and lot, and that she and her children could stay in the home so long as the interest was paid, and that in any event he would give her ample notice of his intention to foreclose her property, so that she would have an opportunity to refinance said indebtedness with someone else." Pursuant to the "new arrangement entered into between the plaintiff and the said C. R. Davis," and relying upon it, she performed her part of the new contract. C. R. Davis "reaffirmed and acknowledged his contract and agreement with plaintiff" every time she made a payment. About the time of the last payment on January 6, 1962, plaintiff left her husband because of his excessive drinking and moved to Johnston County with her children. C. R. Davis "could have easily ascertained her whereabouts and her address in Clayton."

After allowing the motion to strike the above allegations, the judge sustained the defendants' demurrer *ore tenus* to the complaint for failure to state a cause of action. In response to his Honor's question, plaintiff announced that she did not desire to amend the complaint. He entered a judgment dismissing the action and plaintiff appealed.

*Lyon and Lyon for plaintiff appellant.*
*Albert A. Corbett for defendant appellee.*

SHARP, J.   The motion to strike was properly allowed. The stricken paragraphs alleged the breach of an agreement to delay foreclosure as long as plaintiff paid the interest on the indebtedness and, in any event, not to foreclose without giving plaintiff sufficient notice so that she could refinance. However, plaintiff alleges no consideration for this promise. Therefore, it will not support a contract enforcible in law or sustain an action for damages for its breach. *Craig v. Price,* 210 N.C. 739, 188 S.E. 321, a case in which the plaintiff alleged an agreement similar to the one averred here, is decisive and supports his Honor's ruling.

A foreclosure made under a power of sale in the instrument must be made in strict conformity with it and with the pertinent statutory provisions which are by operation of law included in all mortgages and deeds of trust. *Foust v. Loan Asso.,* 233 N.C. 35, 62 S.E. 2d 521; *Jenkins v. Griffin,* 175 N.C. 184, 95 S.E. 166; 37 Am. Jur., *Mortgages* §§ 663, 664. The plaintiff has alleged no failure by the defendant to observe either the statutory requirements or the provisions of the deed of trust. If there was any failure to advertise properly, the bur-

den was on the plaintiff to allege it. *Jenkins v. Griffin, supra; Cawfield v. Owens,* 129 N.C. 286, 40 S.E. 62. She merely alleges that defendant's failure to give her notice of the sale after he had promised to do so constituted a breach of contract and was fraudulent.

In the absence of a valid contract so to do, there is no requirement that a creditor shall give personal notice of a foreclosure by sale to a debtor who is in default. Plaintiff has alleged no valid contract nor has she alleged any facts which would taint the foreclosure with fraud. The mortgagor is always entitled to notice of sale under foreclosure, but notice is given when the advertisement required by the statute (G.S. 45-21.17) is made. 1 Glenn, *Mortgages* § 110. This is true even though "the principal object in publishing notice of sale of mortgaged property in the exercise of a power of sale is not so much to notify the grantor or mortgagor as it is to inform the public generally, so that bidders may be present at the sale and a fair price obtained; . . . ." 59 C.J.S., *Mortgages* § 563.

In *Biggs v. Oxendine,* 207 N.C. 601, 603, 178 S.E. 216, we find the following statement: "While it is proper and desirable for a trustee or a mortgagee to give notice of sale to the mortgagor, nevertheless such notice is not required." In sustaining a judgment of nonsuit upon this and other grounds in *Craig v. Price, supra,* the Court said, "Plaintiff complains that he did not receive personal notification of the foreclosure sale, but there was no evidence that the provisions of the deed of trust or of the statute, with respect to advertisement, were not fully complied with." In *Carter v. Slocomb,* 122 N.C. 475, 29 S.E. 720, it was held that a sale of land made by a mortgagee under the provision of sale in the mortgage, after the death of the mortgagor and without notice to his heirs, conveyed a good title. The Court said, "The mortgagor cannot demand any notice of intention to sell under the power, and the heir at law stands in the place of his ancestor."

It is noted from the stricken portions of the complaint that the plaintiff vacated the mortgaged property about January 6, 1962 and from then until July 1962 she was out of touch with the defendants leaving it up to them to discover her whereabouts as best they could.

His Honor sustained the demurrer *ore tenus* on the grounds that there was a defect of parties plaintiff. The property was originally purchased by plaintiff and her husband as tenants by the entireties and the husband was not a party plaintiff. However, at this stage of the proceedings, plaintiff's allegation that she is now the owner of the equity of redemption in the property eliminated the necessity for his presence in the suit. The demurrer *ore tenus* was properly sustained albeit for the wrong reason. Even if the husband were a party plaintiff

the complaint would still state no cause of action. When this is the situation the court may raise the question *ex mero motu. Skinner v. Transformadora, S. A.,* 252 N.C. 320, 113 S.E. 2d 717; *Lamm v. Crumpler,* 233 N.C. 717, 65 S.E. 2d 336.

The judgment of the lower court is

Affirmed.

PARKER, J. dissents.