BETSY C. HODGES, ADMINISTRATRIX D.B.N. OF ESTATE OF PATTIE BANKS DUNSTON, DECEASED, v. JAMES A. WELLONS, JR., TRUSTEE; SMITHFIELD SAVINGS & LOAN ASSOCIATION; AND JESSE GRISSOM AND WIFE, MILDRED GRISSOM

No. 7011SC269

(Filed 5 August 1970)

1. Mortgages and Deeds of Trust § 40— action to set aside foreclosure sale — failure of mortgagee to collect and apply rents to debt

   Allegations that the mortgagee had been assigned all rents and income from the mortgaged property as further security for the indebtedness and that such sum was sufficient to cover the monthly payments due on the indebtedness plus a reasonable compensation for collecting the rent, *held* insufficient to state a cause of action to set aside foreclosure sale of the mortgaged property, where the mortgage

Hodges v. Wellons

was made a part of the complaint and shows on its face that the mortgagee was under no obligation to collect the rents and apply them to the debt.

2. **Mortgages and Deeds of Trust § 26— foreclosure sale — notice to debtor, his heirs or personal representative**

In the absence of a valid contract to do so, there is no requirement that a creditor give personal notice of a foreclosure sale to a debtor who is in default or to his heirs or the representative of his estate.

3. **Mortgages and Deeds of Trust § 40— action to set aside foreclosure sale — inadequacy of price**

A gross inadequacy of purchase price at a foreclosure sale, when coupled with any other inequitable element, will induce the court to interpose and do justice between the parties.

4. **Rules of Civil Procedure § 12— failure to state claim for relief — motion under Rule 12(b)(6)**

A motion under Rule 12(b)(6) performs substantially the same function as a demurrer for failure to state facts sufficient to constitute a cause of action.

5. **Rules of Civil Procedure § 12; Pleadings § 26— consideration of demurrers as motions under Rule 12(b)(6)**

The trial court did not err in considering demurrers filed prior to the effective date of the new Rules of Civil Procedure as motions under Rule 12(b)(6), where plaintiff was not taken by surprise because the grounds stated in the demurrers were grounds covered by Rule 12(b)(6).

6. **Rules of Civil Procedure § 12— motion to dismiss complaint — failure to state claim for relief**

A complaint may be dismissed on motion filed under Rule 12(b)(6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of facts sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim.

APPEAL by plaintiff from *Carr, J.*, 13 February 1970 Session, JOHNSTON Superior Court.

Plaintiff, as administratrix *d.b.n.* of the Estate of Pattie Banks Dunston, instituted this action on 14 May 1969 to have the foreclosure of a deed of trust executed by decedent declared null and void.

The complaint, except where quoted verbatim, alleges in substance as follows:

1. That plaintiff is the duly qualified and acting administratrix *d.b.n.* of the estate of the mortgagor.

2.   The residences of the various defendants.

3.   That Pattie Banks Dunston died intestate on 30 March 1968 seized of the tract of land conveyed pursuant to the challenged foreclosure.

4.   That on 28 July 1960 Pattie Banks Dunston, for value, executed and delivered a note for $1,000.00, payable in monthly installments of $10.00; that the note was secured by deed of trust which conveyed the tract of land which was in turn conveyed pursuant to the challenged foreclosure.

"5.   That the said Pattie Banks Dunston made the said monthly payments each and every month until her death on the 30th day of March, 1968, at which time there was owing on said deed of trust the sum of $583.06.

"6.   That on the 17th day of April, 1968, R. L. Cooper qualified as administrator of the Estate of said Pattie Banks Dunston, and served in that capacity until his death on the 24th day of August, 1968.

"7.   That the said R. L. Cooper, administrator, kept the monthly payments current with Smithfield Savings & Loan Association until his said death.

"8.   That on or about the 31st day of January, 1969, without any notice to any of the heirs of Pattie Banks Dunston and at a time when the said payments were in arrears not more than $60.00, the said James A. Wellons, Jr., trustee, advertised the property described in Book 352, Page 206, Johnston County Registry, for sale under the power of sale in said deed of trust, and on the 4th day of March, 1969, did offer the said lands for sale at public auction at the Courthouse door in Smithfield, when and where the defendants, Jesse Grissom and wife, Mildred Grissom, became the last and highest bidders in the amount of $625.00. That on March 18, 1969, the said James A. Wellons, Jr., trustee, executed and delivered a deed to the defendants, Jesse Grissom and wife, Mildred Grissom, said deed being recorded in Book 686, Page 435, Johnston County Registry.

"9.   That the said foreclosure was made upon the demand of Smithfield Savings & Loan Association, although the said association under said deed of trust had been assigned all rents and income from said property, as further security for said indebtedness; that said Association knew that said property was

then being rented for $30.00 a month, and said sum was sufficient to cover said monthly payments plus a reasonable compensation for collecting said rent.

"10.   That in violation of the said duty and obligation imposed by said deed of trust, the association demanded of the Trustee to foreclose said instrument without notice and at a time when there was no one to protect the rights of the other creditors of the estate, as well as her heirs.

"11.   That said defendant Trustee, in violation of his duty, advertised said property without notification to the heirs or any other person having any interest in the estate of Pattie Banks Dunston.

"12.   That all of the defendants knew that the bid of $625.00 was grossly inadequate, all of said parties being well aware that said property had a fair market value of at least $2,600.00.

"13.   That there are numerous creditors of the estate of Pattie Banks Dunston who due to the wrongful foreclosure as aforesaid have been deprived of their right to payment of their said claims, and plaintiff is informed and believes and therefore alleges that said foreclosure should be set aside and the deed stricken from the record and the Court should order a sale of said property with the defendants, Jesse Grissom and wife, Mildred Grissom, being reimbursed first out of the proceeds of said sale with the balance to be paid to plaintiff for the payment of debts and the remainder thereafter to be distributed to the heirs at law of Pattie Banks Dunston."

The complaint thereafter prays that the trustee's deed be declared null and void, and that a Commissioner be appointed by the Court to sell said property and make appropriate distribution of the sale price.

Defendants filed separate demurrers on 25 and 26 June 1969. These demurrers were heard by Judge Carr at the February 1970 Session and considered by him as motions to dismiss for failure to state a claim upon which relief can be granted (G.S. 1A-1, Rule 12(b)(6)).  As so considered, Judge Carr entered an Order 13 February 1970 dismissing the action upon the grounds that the facts alleged in the complaint do not state a claim upon which relief can be granted.

Plaintiff appealed.

*T. Yates Dobson, Jr. and L. Austin Stevens for plaintiff.*

*Basil Sherrill and Wellons & Wellons, by Basil Sherrill, for defendants.*

BROCK, J.

Plaintiff contends that the trial court erred in ruling the complaint failed to state a claim upon which relief can be granted.

[1]   By stipulation the deed of trust was incorporated into the complaint. It shows upon its face that Smithfield Savings and Loan Association was under no obligation to collect the rents from the mortgaged property and apply them to the monthly payments on the note. It is true that the terms of the deed of trust undertake to assign the rents as further security, but clearly the terms impose no obligation upon the creditor to actually collect the rents. Therefore there has been no violation of legal duty in failing to collect the rents, and the allegations pertaining thereto fail to state a cause upon which relief can be granted.

[2]   Plaintiff alleged that the trustee advertised and sold the property under the power of sale contained in the deed of trust at a time when payments on the note were in arrears; this alleges that the trustee acted in accordance with the contract and the law. Plaintiff only complains that the trustee did so "without any notice to any of the heirs of Pattie Banks Dunston." In the absence of a valid contract so to do, there is no requirement that a creditor shall give personal notice of a foreclosure by sale to a debtor who is in default. *Products Corp. v. Sanders,* 264 N.C. 234, 141 S.E. 2d 329; *Woodell v. Davis,* 261 N.C. 160, 134 S.E. 2d 160. The mortgagor could not demand notice of intention to sell under the power, and her heirs at law, and personal representative, stand in the same shoes. *Woodell v. Davis, supra.* It may well be appropriate, desirable, and courteous in many instances for a trustee to give actual notice to the debtor, the representative of his estate, or his heirs, of an intention to advertise and sell under a power of sale, nevertheless, such actual notice is not required as a matter of law. *Woodell v. Davis, supra.*

Therefore the allegations of failure to give notice fail to state facts upon which relief can be granted.

[3]   A gross inadequacy of purchase price, when coupled with any other inequitable element, will induce the court to interpose and do justice between the parties. *Weir v. Weir,* 196 N.C. 268, 145 S.E. 281. However, no irregularity in the foreclosure sale is alleged here. The only obligation of the trustee to the heirs and estate of the debtor was to conduct and consummate the foreclosure sale in accordance with law. There is no suggestion that the trustee did otherwise.

We hold that the trial judge correctly concluded that the facts alleged in the complaint do not state a claim upon which relief can be granted.

Plaintiff contends that the trial judge committed error when he considered defendants' demurrers as motions made under Rule 12 (b) (6).

[4, 5]   Defendants' demurrers were filed on 25 and 26 June 1969. The Rules of Civil Procedure became effective 1 January 1970. On 13 February 1970 Judge Carr considered the demurrers as motions under Rule 12(b) (6). A motion under Rule 12(b) (6) performs substantially the same function as a demurrer for failure to state facts sufficient to constitute a cause of action. Plaintiff was not taken by surprise because the grounds stated in the demurrers were grounds covered by Rule 12(b) (6). We hold that Judge Carr acted properly in considering the demurrers as he did.

Plaintiff contends that it was error for Judge Carr to dismiss the action; plaintiff argues that she should have been allowed to amend. This raises the question of whether the complaint contains a statement of a defective cause of action as opposed to a defective statement of a good cause of action.

[6]   A complaint may be dismissed on motion filed under Rule 12(b) (6) if it is clearly without merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or absence of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. cf. 2A Moore's Federal Practice ¶ 12.08; *Turner v. Board of Education,* 250 N.C. 456, 109 S.E. 2d 211. In our opinion the trial judge ruled correctly.

Affirmed.

BRITT and HEDRICK, JJ., concur.