HARRY LEE HUGGINS AND WIFE, ELIZABETH HUGGINS v. RUSSELL W. DEMENT, JR., SUBSTITUTED TRUSTEE, CENTRAL FINANCE COMPANY, AND BETTY LOU BRITT

No. 7210SC180

(Filed 29 March 1972)

1. Mortgages and Deeds of Trust § 26— foreclosure sale — notice to debtor

There is no requirement that a debtor in default be given personal notice of a foreclosure sale absent a valid contract to give such notice.

2. Mortgages and Deeds of Trust § 26— foreclosure sale — notice to debtor — due process

Notice of foreclosure by sale provided for in a deed of trust or required under G.S. 45-21.17(b), and notice of resale under G.S. 45-21.29(b)—advertisement at the courthouse door and in a newspaper —held sufficient to meet due process requirements.

3. Mortgages and Deeds of Trust § 13— foreclosure sale — breach of fiduciary duty by trustee — insufficiency of complaint

Plaintiffs' complaint failed to state a claim for relief against defendant trustee for breach of fiduciary duty in a foreclosure sale under a deed of trust, where the complaint does not allege that the trustee did anything other than adhere to every requirement of the deed of trust and the applicable statutes and act in good faith.

APPEAL by plaintiffs from Braswell, Judge, 25 October 1971 Session, WAKE Superior Court.

Plaintiffs, Harry Lee Huggins and wife, Elizabeth Huggins, instituted this action on 23 September 1971 to have de-

clared null and void the sale under foreclosure of a deed of trust executed by them and to recover both actual and punitive damages.

The complaint, except where quoted verbatim, alleges in substance as follows:

1. The residences of the parties;

2. The plaintiffs were owners of the tract of land in question by virtue of a deed dated 25 January 1965;

3. "That on or about the 23rd day of December, 1966, the plaintiffs executed a deed of trust to D. S. Deese, Trustee for the Central Finance Company, securing an obligation in the amount of Seven Hundred Ninety-Eight and 90/100 Dollars ($798.90), which deed of trust was recorded in the office of the Register of Deeds of Wake County in Book 1749 at Page 495";

4. On 27 January 1969 a judgment in the amount of Two Hundred Twenty-Eight and 65/100 Dollars ($228.65) plus costs was entered in favor of Central Finance Company against the plaintiff, Harry Lee Huggins;

5. On the 5th day of February, 1969, the defendant Russell W. DeMent, Jr., was substituted as trustee in lieu of D. S. Deese;

6. "That on or about the 20th day of March, 1969; acting under instructions from the defendant Central Finance Company, the defendant Russell W. DeMent, Jr., Trustee, instituted foreclosure proceedings pursuant to the provisions of said deed of trust, by posting a notice thereof on the courthouse door of the Wake County Courthouse, and causing notice of said foreclosure proceedings to be run in the Raleigh Times on the 24th and 31st day of March and the 7th and 18th day of April, 1969";

7. "That no notice was given or attempted to be given to either of the plaintiffs of said sale other than the posting of said notice at the Wake County Courthouse door and the notice published in the Raleigh Times, although the plaintiff Harry Lee Huggins resided at all times at 700 Jamaica Drive, Raleigh, North Carolina, as the defendants, DeMent and Central Finance Company, well knew, or should have known";

8. "That neither plaintiff had any knowledge of the pending foreclosure sale of said property";

9. Pursuant to said notice, the defendant DeMent offered the property for sale at the Wake County Courthouse door on 21 April 1969, and D. S. Deese became the highest bidder for Two Hundred Seventy-Five Dollars ($275.00);

10. An upset bid was submitted, and the property was ordered resold by the Clerk of Wake County Superior Court;

11. "That the defendant DeMent posted notice of resale at the Courthouse door in the Wake County Courthouse in Raleigh, North Carolina, and published notice of such resale in the Raleigh Times on the 25th day of May and the 6th day of June, 1969";

12. "That no personal notice was given to or attempted to be given to either of the plaintiffs other than the posting of said notice at the Courthouse door and the publishing of said notice in the Raleigh Times as aforesaid, although the plaintiff, Harry Lee Huggins, resided at all times at 700 Jamaica Drive, Raleigh, North Carolina, and the defendants, DeMent and Central Finance Company, well knew, or should have known";

13. "That neither plaintiff had any knowledge of the pending resale of said property";

14. Pursuant to said notice, the defendant DeMent offered the property for resale at the Wake County Courthouse door on 12 June 1969, and defendant Britt became the highest bidder for Four Hundred and One Dollars ($401.00);

15. The resale was reported and confirmed by order of the Clerk of Wake County Superior Court on 10 July 1969, and by deed the defendant DeMent, as trustee, purported to convey the property to the defendant Britt.

16. "That at no time did the defendant DeMent or the defendants (sic) Central Finance Company advise or undertake to advise the plaintiffs or either of them of the pendency of the said foreclosure proceeding";

17. "That at no stage of the proceedings and for a period of almost two years after the Deed from the defendant

DeMent to the defendant Britt did the plaintiffs, or either of them, have any knowledge of the foreclosure of the plaintiff's property hereinbefore set out";

18. "That said property is worth in excess of Ten Thousand Dollars ($10,000.00) and the inadequacy of said price of Four Hundred One Dollars ($401.00) is patent";

19. "That the failure of the defendants DeMent or Central Finance Company to give notice to the plaintiffs, or either of them, is a violation of the Constitutional Rights of the plaintiffs, in that the plaintiffs were deprived of their property without due process of law contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States and of Article One, 17 of the Constitution of North Carolina";

20. "That by reason of the failure of the defendants De-Ment or Central Finance Company, or either of them to give actual notice to the plaintiffs, or either of them, the purported sale by the defendant DeMent and the purported deed from the said defendant DeMent to the defendant Britt is ineffectual to convey any title to the said defendant Britt, and is null, void and of no effect."

Plaintiffs ask that the sale be set aside and the trustee's deed thus be declared null and void; that the defendant Britt be restrained from encumbering, selling, transferring, or otherwise disposing of the property pending the outcome of this suit; and that the plaintiffs recover from defendants $10,000 in actual damages and $10,000 in punitive damages.

Judge Braswell issued a show cause order on 23 September 1971 setting a date for hearing. All of the defendants filed answers wherein each set forth as their first defense a motion to dismiss for failure to state a claim upon which any relief may be granted. An affidavit was filed wherein D. S. Deese, as president of Central Finance Company, deposed that he instructed defendant DeMent, as substituted trustee, to foreclose the deed of trust after the plaintiffs defaulted. Said affidavit incorporated as exhibit A the deed of trust which included a power of sale in the trustee. An order dismissing the action against defendant Britt and judgments in favor of defendants DeMent and Central Finance Company were entered; whereupon, plaintiffs gave notice of appeal.

---

Huggins v. DeMent

---

*Jacob W. Todd for plaintiff appellants.*

*James R. Rogers III for Central Finance Company, defendant appellee.*

*Hatch, Little, Bunn, Jones and Few, by E. Richard Jones, Jr., for Betty Lou Britt, defendant appellee.*

*Philip O. Redwine for Russell W. DeMent, Jr., defendant appellee.*

MORRIS, Judge.

Plaintiffs contend that the trial court erred in ruling the complaint failed to state a claim upon which relief can be granted.

> ". . . [S]tatutory provisions are, by operation of law incorporated in all mortgages and deeds of trust and control any sale under such instruments." *In re Register*, 5 N.C. App. 29, 35, 167 S.E. 2d 802, 807 (1969).

G.S. 45-21.17(a) provides that "When the instrument pursuant to which a sale of real property is to be held contains provisions with respect to posting or publishing notice of sale of the real property, such provisions shall be complied with, and compliance therewith is sufficient notice."

The deed of trust executed by these parties provided for a power of sale in the trustee to become effective upon demand of the creditor if the debtor was in default. The parties agreed, as explicitly set forth in the instrument, that upon foreclosure "it shall be lawful for and the duty of the Trustee to advertise at the County Courthouse door in Wake County aforesaid, for a time not less than 30 days, and in a newspaper published in Wake County once a week for four consecutive weeks . . ."

[We note in passing that the notice provision included in the deed of trust is almost identical to the provisions of G.S. 45-21.17(b) which applies when the parties make no provision for notice in the instrument.] According to G.S. 45-21.17(a), compliance with the above quoted notice procedure as agreed upon by the parties, if strictly complied with, is sufficient to give notice of the original foreclosure by sale. *Foust v. Loan Asso.*, 233 N.C. 35, 62 S.E. 2d 521 (1950). Plaintiffs allege in their complaint that foreclosure procedures were instituted "pur-

suant to the provisions of said deed of trust." "The law presumes regularity in the execution of the power of sale in a deed of trust duly executed and regular upon its face; and if there is any failure to advertise properly, the burden is on the attacking party to show it. (Citations omitted.)" *Biggs v. Oxendine,* 207 N.C. 601, 603, 178 S.E. 216 (1935).

G.S. 45-21.29(b) provides that:

"Notice of any resale to be held because of an upset bid shall—

> (1) Be posted, at the courthouse door in the county in which the property is situated, for fifteen days immediately preceding the sale.

> (2) And in addition thereto,

>> a. If a newspaper qualified for legal advertising is published in the county, the notice shall be published in such a newspaper once a week for at least two successive weeks; . . ."

[1] The plaintiffs made no allegation in the complaint of a failure to observe the notice provisions either of the deed of trust at the original sale or of the statutory requirements of G.S. 45-21.29(b) upon resale. Instead plaintiffs allege that they were entitled, as debtors in default, to personal notice of a foreclosure by sale. The North Carolina Supreme Court said in *Woodell v. Davis,* 261 N.C. 160, 134 S.E. 2d 160 (1964), that there is no requirement of personal notice absent a valid contract to give personal notice to the debtor who is in default, and this Court has espoused that proposition more recently in *Hodges v. Wellons,* 9 N.C. App. 152, 175 S.E. 2d 690 (1970), cert. denied 277 N.C. 251 (1970).

"It may well be appropriate, desirable, and courteous in many instances for a trustee to give actual notice to the debtor, the representative of his estate, or his heirs, of an intention to advertise and sell under a power of sale, nevertheless, such actual notice is not required as a matter of law (Citation omitted.)" *Hodges v. Wellons, supra,* at p. 156.

Plaintiffs would distinguish those cases in that no constitutional issue was raised nor considered in either of them. Plaintiffs assert that they were deprived of their property

without due process of law because the notice given was not reasonably calculated to afford them an opportunity to be heard, citing *Mullane v. Central Hanover Bank and Trust Company,* 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950), and *Harrison v. Hanvey,* 265 N.C. 243, 143 S.E. 2d 593 (1965).

[2]   We are cognizant of the rule that: " 'the principal object in publishing notice of sale of mortgaged property in the exercise of a power of sale is not so much to notify the grantor or mortgagor as it is to inform the public generally, so that bidders may be present at the sale and a fair price obtained; . . .' 59 C.J.S., Mortgages § 563." *Woodell v. Davis, supra,* at p. 163. We hold that the notice of foreclosure by sale as provided for in the deed of trust and as required under the statute was sufficient to meet the minimum due process requirements. See *D. H. Overmyer Co., Inc. v. Frick Company,* 40 LW 4221 (1972) and *Nellie Swarb v. William M. Lennox,* 40 LW 4227 (1972).

*Overmyer* (decided 24 February 1972) came up from Ohio and presented the question of the constitutionality under the Due Process Clause of the Fourteenth Amendment of a cognovit note authorized by an Ohio statute. The note contained the maker's consent in advance to the holder's obtaining a judgment without notice or hearing if the maker were in default in the payment thereof. Plaintiff's position was that it is unconstitutional to waive in advance the right to present a defense in an action on the note. Plaintiffs take a similar position here in a closely analogous situation. In *Overmyer* there was no allegation of unequal bargaining power or overreaching, nor is there here. In *Overmyer,* Mr. Justice Blackmun, writing for the Court, said:

> "The due process rights to notice and hearing prior to a civil judgment are subject to waiver. In *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311 (1964), the Court observed: '[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.' 375 U.S., at 315-316. And in *Boddie v. Connecticut, supra,* the Court acknowledged that 'the hearing required by due process is subject to waiver.' 401 U.S., at 378-379."

*Swarb* (decided the same day) came up from Pennsylvania, and was also concerned with the issue of the due process validity of cognovit provisions. This was a class action and attempted to have the Court declare the Pennsylvania statutes leading up to confessed judgments unconstitutional on their face as violative of due process. The Court refused to do so and affirmed the District Court's holding that the Pennsylvania system leading to confessed judgment and execution does comply with due process standards provided there has been an understanding and voluntary consent of the debtor in signing the document.

In this action, the allegations of failure to give notice fail to state a claim upon which relief can be granted.

[3] Plaintiffs contend that their complaint states a claim against the defendant trustee (DeMent) for his failure to abide by the duties imposed on him as a fiduciary, and that the court erred in dismissing their claim for relief.

> "A gross inadequacy of purchase price, when coupled with any other inequitable element, will induce the court to interpose and do justice between the parties. *Weir v. Weir,* 196 N.C. 268, 145 S.E. 281. However, no irregularity in the foreclosure sale is alleged here. The only obligation of the trustee to the heirs and estate of the debtor was to conduct and consummate the foreclosure sale in accordance with law. There is no suggestion that the trustee did otherwise." *Hodges v. Wellons, supra,* at p. 157.

A trustee is bound to use good faith and diligence in apprising both the creditor and debtor of the intention of selling.

> "He is charged with the duty of fidelity as well as of impartiality, of good faith and every requisite degree of diligence, of making *due advertisement* and *giving due notice.* (Citations omitted.)" (Emphasis added.) *Mills v. Building & Loan Assn.,* 216 N.C. 664, 669, 6 S.E. 2d 549 (1940).

Plaintiffs' complaint does not allege that the defendant trustee did anything other than adhere to every requirement of the deed of trust and of the applicable General Statutes. Plaintiffs' complaint does not allege that the trustee was negligent or imprudent [*Davenport v. Vaughn,* 193 N.C. 646, 137 S.E. 714 (1927)]; nor does it contend that the trustee did not strictly comply with the power of sale [*Jessup v. Nixon,* 199

N.C. 122, 154 S.E. 18 (1930)]; nor does it allege that the trustee represented both buyer and seller at the foreclosure sale [*Davis v. Doggett*, 212 N.C. 589, 194 S.E. 288 (1937); *Mills v. Building & Loan Assn., supra*].

The court properly granted a motion to dismiss filed under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

No error.

Chief Judge MALLARD and Judge PARKER concur.