BETTY LOU BRITT v. BRIAN B. BRITT, THOMAS O. BRITT, MALCOLM V. BRITT, AND W. A. BASON

No. 7510SC133

(Filed 4 June 1975)

1. **Mortgages and Deeds of Trust § 26— foreclosure sale — unsigned notice of publication**

Foreclosure sale was not invalid because the notice of publication filed in the office of the clerk of court was unsigned, and summary judgment was not improperly granted for defendants in an action to set aside foreclosure on that ground where defendants filed with their

Britt v. Britt

motion for summary judgment the affidavit of a newspaper publisher that notice of foreclosure was actually published in a newspaper on four specified dates. G.S. 45-21.33.

2. **Fraud § 9; Rules of Civil Procedure § 9— fraud — insufficiency of allegations**

In an action to set aside a foreclosure sale, plaintiff's allegations were insufficient to state a claim for relief based on fraud where she merely alleged that she signed the deed of trust at her husband's request, that she does not believe that the deed of trust secures any obligation, that the two payees of the note secured by the deed of trust were acting as agents for her husband and agreed to cancel the deed of trust at his request, and that the three conspired to defraud the husband's creditors and plaintiff, but plaintiff failed to allege in what respects she was induced to sign the deed of trust or upon what representations she relied, to what extent the husband was indebted at that time, or whether the payees had knowledge of an intent by the husband to defraud his creditors and plaintiff. G.S. 1A-1, Rule 9(b).

3. **Mortgages and Deeds of Trust § 26— notice of foreclosure sale — due process**

Notice of a foreclosure sale posted at the courthouse door and in a newspaper as provided by statute is sufficient to meet due process requirements.

APPEAL by plaintiff from *Godwin, Judge.* Judgment entered 3 January 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 15 April 1975.

This action was instituted to have set aside foreclosure proceedings under a deed of trust. Plaintiff alleged that the deed of trust was not supported by consideration, but was a fraud upon her and upon her husband's creditors; that the affidavit with respect to publication of notice of foreclosure was not signed and, therefore, there was no compliance with G.S. 45-21.33; that the plaintiff had no actual or constructive notice of the foreclosure sale and that she was deprived of her property without due process of law as required by Article I, Section 19, of the Constitution of North Carolina and the Fourteenth Amendment to the Constitution of the United States; and that the amount bid for the property at the sale was grossly inadequate. She further prayed that the court enjoin the transfer of the property described in the deed of trust and enjoin any further foreclosure proceedings pursuant to G.S. 45-21.34. Defendants Brian B. Britt, Thomas O. Britt, and Malcolm V. Britt are brothers. Defendant W. A. Bason was the trustee named in the deed of trust. Plaintiff and Brian B. Britt were husband and wife at the time of the execution of the

deed of trust, and the property was owned by them as tenants by the entirety. Defendants Thomas O. Britt and Malcolm V. Britt were the payees of the note which the deed of trust secured.

Defendants answered, denying the allegations of fraud, insufficiency of bid, lack of notice but admitting the execution of the note and deed of trust, admitting the foreclosure, and averring that a deed from the trustee to defendants Thomas O. Britt and Malcolm V. Britt had been duly recorded in the office of the Register of Deeds of Wake County. Defendants, in their answers, moved to dismiss, under Rule 12(b)(6), for failure to state a claim upon which relief can be granted. The motion, as to each defendant, was denied. Defendants then filed a motion for summary judgment, under Rule 56. The defendants filed with the motions the affidavit of the General Manager of Gold Leaf Publishers, Inc., certifying that the notice of foreclosure was published in The Zebulon Record on 1, 8, 15 and 22 March 1973. Plaintiff filed no affidavits and presented no evidence. The court, "after a review of the pleadings in this action and the Affidavit of Kenneth F. Wilson and hearing the argument of counsel", allowed the motion, dismissed the action, and directed the Clerk to cancel the notice of lis pendens filed in the matter. The judgment found that "there is no genuine issue as to any material fact as to any liability of the defendants . . . to the plaintiff and there is no basis in fact or in law to support or substantiate any claim by the plaintiff against the defendants . . . " Plaintiff appealed.

*Clayton, Myrick, McCain & Oettinger, by Grover C. McCain, Jr., for plaintiff appellant.*

*H. Spencer Barrow, for defendants Thomas O. Britt and Malcolm V. Britt, appellees.*

*Gulley and Green, by Jack P. Gulley, for defendant Brian B. Britt, appellee.*

*William A. Bason, Trustee, in Propria Persona, defendant appellee.*

MORRIS, Judge.

The only question raised by plaintiff's appeal is whether the court properly allowed defendants' motion for summary judgment. The purpose of the motion for summary judgment

is to determine prior to trial whether there is any genuine issue with respect to any material fact and, if not, to provide for an early and effective disposition of the matter.

> "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is denominated 'genuine' if it may be maintained by substantial evidence." Koontz v. City of Winston-Salem, 280 N.C. 513, 518, 186 S.E. 2d 897, 901 (1972), pet. reh. den. 281 N.C. 516 (1972).

G.S. 1A-1, Rule 56(e), provides that when a motion for summary judgment is made and supported by affidavits and other papers as provided in section (c) of the rule, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The parties apparently agree that there were three bases for the motion for summary judgment considered by the court: (1) the filing of an unsigned affidavit of publication; (2) allegations of fraud, and (3) lack of notice.

[1] Plaintiff does not contend that there was no notice published in accordance with the terms of the deed of trust and G.S. 45-21.16. Her contention is that the sale is invalid because the affidavit of publication filed in the office of the Clerk was unsigned and, therefore, there was no compliance with G.S. 45-21.33. The plaintiff concedes that the trustee filed in the office of the Clerk what purported to be an affidavit of publication. This paper was unsigned although it contained a jurat of a notary public that the affiant swore to it and subscribed it before her. Attached thereto was a copy of the notice of sale indicating that it had been published on 1, 8, 15 and 22 March 1973. With the motion for summary judgment, defendants filed the affidavit of the General Manager of the publisher that the notice of foreclosure was actually published on 1, 8, 15 and 22 March 1973 and a copy of the notice was attached. Any objection plaintiff may have is cured by the filing of his affidavit, particularly in view of the fact that she does not dispute the

fact that the notice was published. We think the purpose of the statute is to have in the files of the Clerk proof that the foreclosure sale was properly conducted and that the notice was published. In this situation we do not agree with plaintiff that the fact that a properly *signed* affidavit was not fi'ed within 30 days of the sale invalidates the sale. It is obvious that the failure of the publisher to sign the affidavit was a mere oversight or clerical error. In our opinion, this was corrected by the filing of the affidavit properly signed which was accepted by the court, (see G.S. 1A-1, Rule 60) particularly where, as here, there is, and can be, no dispute about the actual publication as required by the instrument and the statute.

[2] Next, defendants contend that there is no genuine issue of material fact with respect to fraud. As to this, neither party filed supporting affidavits. Defendants contend that plaintiff alleges that the deed of trust was executed for the purpose of defrauding the "creditors of Brian B. Britt and the plaintiff", placing upon this allegation the interpretation that the fraud was being perpetrated upon the creditors of *both* Brian Britt and plaintiff and contending that she has alleged she was a beneficiary of and party to the fraud. While this allegation is certainly susceptible of the interpretation given it by defendants, another allegation clarifies it, we think. The plaintiff subsequently alleged that the defendants "conspired to place a fraudulent deed of trust on the subject property described above with the express intent to defraud the creditors and wife of Brian B. Britt". We think this allegation clearly indicates that plaintiff intended the complaint to allege a fraud upon plaintiff as well as the creditors of defendant Brian B. Britt, however inartfully it may be drafted. Even so, she alleges only that she signed the deed of trust solely because her husband requested her to do so and not because she was indebted to anyone, that she does not believe the deed of trust secures any note or obligation, that she believes that defendants Thomas O. Britt and Malcolm V. Britt were acting as agents for Brian B. Britt and agreed to cancel the deed of trust at his request, and that the three conspired to defraud his creditors and her. Although the new civil rules adopt the practice of notice pleading, G.S. 1A-1, Rule 9 (b), specifically provides that "[i]n all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Here plaintiff fails to allege in what

respects she was induced to sign the deed of trust, or upon what misrepresentations she relied. She only alleges that she signed the deed of trust at the request of her husband. She did not allege to what extent he was indebted at the time, nor whether the other defendants had knowledge of his intention to defraud his creditors and the plaintiff. We cannot see how any agreement of her husband's brothers to cancel the deed of trust at his request could amount to a fraud upon her. It is true that plaintiff might have been lulled into a false sense of security by the earlier denial by the court of defendants' motion to dismiss for failure to state a claim upon which relief could be based. Nevertheless, plaintiff failed to move the court for permission to amend her complaint, even after she became aware of the position of defendants with respect to her allegations.

[3] Finally plaintiff contends that there is a genuine issue of fact as to notice and the insufficiency of the bid at foreclosure. Plaintiff recognizes the well-established principle that mere inadequacy of the bid at foreclosure is not sufficient, standing alone, to set the sale aside. She contends, however, that the alleged gross inadequacy of the bid when coupled with the alleged lack of constitutional notice is sufficient and presents a genuine issue of material fact. In *Huggins v. Dement*, 13 N.C. App. 673, 187 S.E. 2d 412 (1972), appeal dismissed 281 N.C. 314 (1972) ; appeal dismissed cert. denied 409 U.S. 1071, 34 L.Ed. 2d 659, 93 S.Ct. 677 (1972), we held that in a foreclosure sale, notice of sale posted at the courthouse door and in a newspaper as provided by statute is sufficient to meet due process requirements. See also *Woodell v. Davis*, 261 N.C. 160, 134 S.E. 2d 160 (1964), and *Hodges v. Wellons*, 9 N.C. App. 152, 175 S.E. 2d 690 (1970), cert. denied 277 N.C. 251 (1970). Here there is no contention that notice was not given in accordance with the terms of the deed of trust or in accordance with the statute. We are not unaware of *Turner v. Blackburn*, 389 F. Supp. 1250 (W.D.N.C. 1975), but we do not consider that case determinative of this question nor binding on this Court. We note also that in a more recent decision the Texas Court of Civil Appeals has held that action taken by the trustee pursuant to a power of sale contained in a deed of trust does not constitute state action, and that the Texas statute regulating such sales which requires that the sale be made in the county where the realty is situate and that written notice of sale be posted for three consecutive weeks prior to the sale in three public places in the county but does not require personal notice

or hearing, is not unconstitutional. *Armeta v. Nussbaun*, 519 S.W. 2d 673 (Texas Civ. Ct. App. 1975). The Court suggested that the question is analogous to those situations challenging the constitutionality of the self-help provisions of the Uniform Commercial Code and noted that six Courts of Appeals have held that self-help repossession without notice or hearing constitutes insufficient state action to raise a due process question. The circuit courts so holding are the second, third, fifth, sixth, eighth and ninth. In any event, we consider *Huggins v. Dement, supra, Woodell v. Davis, supra,* and *Hodges v. Wellons, supra,* determinative of this question. Having thus disposed of the contention of lack of constitutional notice, we find the only remaining contention of plaintiff to be the contention with respect to insufficiency of the sales price. She properly concedes that this question, standing alone, can avail her nothing.

For the reasons set out, we hold that motion for summary judgment was properly allowed.

Affirmed.

Judges VAUGHN and CLARK concur.