GASP, BRENDA BLACKWELDER, LILLIAN BRUMLEY, BERTIE H. CARPENTER, R. A. CARPENTER, HAZEL B. DUTTON, HELEN S. HUNTER, MARY KNAGGS, MILDRED MC-CLURE, WILLIAM T. McCRACKEN AND LARRY M. STEARNS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED v. MECKLENBURG COUNTY, NORTH CAROLINA

No. 7826SC922

(Filed 3 July 1979)

1. **Counties § 10— action to prohibit smoking in county facilities—plaintiffs not "handicapped" persons**

   A class of plaintiffs described in the complaint as persons with any pulmonary problem and all persons who are harmed or irritated by tobacco smoke does not constitute a class of "handicapped persons" within the meaning of G.S. 168-1 *et seq.*; therefore, plaintiffs are not entitled to relief under G.S. 168-1 *et seq.* to compel defendant county to prohibit smoking in its facilities on the ground that they are handicapped persons who are denied access to public facilities because of the presence of tobacco smoke.

2. **Constitutional Law § 18— smoking in public facilities—no constitutional violation**

   Plaintiffs' First and Fourteenth Amendment rights are not infringed because a county permits smoking in its public facilities, and plaintiffs' claim under 42 U.S.C. § 1983 was properly dismissed.

APPEAL by plaintiffs from *Lee, Judge.* Judgment entered 28 June 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 June 1979.

On 1 March 1978 the plaintiffs, the Group Against Smokers Pollution, an unincorporated association, brought this action against Mecklenburg County on behalf of a class of persons who are harmed by tobacco smoke. The complaint alleged, *inter alia,* that their class is handicapped within the meaning of G.S. 168-1, *et seq.*, in that they suffer discomfort and harm such as nasal and ocular irritation, allergic reactions, and acceleration of heart disease when in the presence of tobacco smoke. G.S. 168-1 *et seq.*, provide that handicapped persons are to have full and free use of public facilities, and that since Mecklenburg County permits smoking in its public buildings and facilities, the plaintiffs are thereby denied access to the buildings and prevented from participating in activities held in public facilities. Plaintiffs sought an injunction to compel the defendant to prohibit smoking in its buildings and facilities. Defendant answered and moved to dismiss

pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs thereafter moved to amend the complaint to assert that smoking in public buildings violated their First and Fourteenth Amendment rights and sought relief under 42 U.S.C. § 1983, and to allege a violation of 29 U.S.C. § 794 which prohibits discrimination against the handicapped in programs receiving federal assistance.

On 28 June 1978, the court allowed plaintiffs' motion to amend the complaint and allowed defendant's motion for dismissal pursuant to G.S. 1A-1, Rule 12(b)(6). From this judgment, plaintiffs appeal.

*Blum and Sheely by Shelley Blum for plaintiff appellants.*

*James O. Cobb for defendant appellee.*

CLARK, Judge.

[1]   Plaintiffs assign as error the dismissal of their complaint pursuant to G.S. 1A-1, Rule 12(b)(6). Plaintiffs contend that they are entitled to relief pursuant to G.S. 168-1, *et seq.*, since the members of their class are handicapped persons who are denied access to public buildings and facilities because of the presence of tobacco smoke. Since the trial court reserved ruling on the class certification, we will assume for purposes of this discussion that the class of plaintiffs was properly constituted and certified by the court.

The test on a Rule 12(b)(6) motion is whether the pleading is legally sufficient. *Alltop v. J. C. Penney Co.,* 10 N.C. App. 692, 179 S.E. 2d 885, *cert. denied,* 279 N.C. 348, 182 S.E. 2d 580 (1971). A complaint may be dismissed if it is clearly without merit, and this want of merit may consist in an absence of law to support a claim of the sort made, or absence of facts sufficient to make a good claim. *Hodges v. Wellons,* 9 N.C. App. 152, 175 S.E. 2d 690, *cert. denied,* 277 N.C. 251 (1970).

In the case *sub judice*, the complaint alleges that the plaintiffs represent a class of persons who are: "too numerous to make it practicable to bring them all before the Court. On information and belief, at least 20% of all persons are harmed by being in the presence of tobacco smoke. These persons are, among others,

those with allergic rhinitis, those pregnant, those with heart conditions, and those with any pulmonary problem (*e.g.* emphysema)."

G.S. 168-1 provides:

"The State shall encourage and enable handicapped persons to participate fully in the social and economic life of the State and to engage in remunerative employment. The definition of 'handicapped persons' shall include those individuals with physical, mental and visual disabilities. . . ."

The North Carolina General Statutes do not specifically define "handicapped person"; however, 29 U.S.C. § 706 defines "handicapped person" as "any person who . . . has a physical or mental impairment which substantially limits one or more of such person's major life activities, . . ." This is the definition which plaintiffs set forth in their complaint.

It is manifestly clear that the legislature did not intend to include within the meaning of "handicapped persons" those people with "*any* pulmonary problem" however minor, or *all people* who are harmed or irritated by tobacco smoke. Therefore, the class of plaintiffs as defined in the complaint does not constitute a class of "handicapped persons" within the meaning of G.S. 168-1, *et seq.*, and the complaint was therefore properly dismissed. We do not attempt to determine, in this opinion, whether a class of persons with a particular pulmonary problem or disease such as emphysema, would be considered "handicapped persons" within the meaning of G.S. 168-1, *et seq.*, but only that the broad class of plaintiffs defined in this complaint (*i.e.*, persons who are harmed by tobacco smoke) are not, as a class, handicapped persons within the meaning of G.S. 168-1, *et seq.* For the same reasons set forth above, the claim for relief based upon 29 U.S.C. § 794, was properly dismissed.

[2] Plaintiffs also contend that the court erred in dismissing plaintiffs' claim for relief based upon 42 U.S.C. § 1983 which provides that:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Plaintiffs contend that their First and Fourteenth Amendment rights have been infringed and seek redress under 42 U.S.C. § 1983. In *Gasper v. Louisiana Stadium and Exposition District*, 418 F. Supp. 716 (E.D. La. 1976), *aff'd*, 577 F. 2d 897 (5th Cir. 1978), the court held that no deprivation of any constitutional right, under the First, Fifth, Ninth or Fourteenth Amendments to the Constitution of the United States occurred by reason of permitting cigarette smoking in a public facility. The court noted that "[n]o legally enforceable right to a healthful environment . . . is guaranteed by the Fourteenth Amendment or any other provision of the Federal Constitution. (Citations omitted)" *Id.* at 720. *See Ely v. Velde*, 451 F. 2d 1130 (4th Cir. 1971); *F.E.N.S.R. v. United States*, 446 F. Supp. 181 (D.D.C. 1978). Therefore, the plaintiffs' third claim for relief was without merit and was properly dismissed.

Affirmed.

Judges ERWIN and CARLTON concur.